# COVINGTON *v.* COVINGTON FIRST NATIONAL BANK.

### APPEAL FROM THE COURT OF CLAIMS.

No. 604. Argued and submitted March 24, 1902.—Decided April 28, 1902.

Matters within the pleadings in this case having been left undetermined by the court below, and the cause having been detained for the purpose of thereafter passing upon them, and for the entry of a further decree, the decree entered below was not final, and this court is without jurisdiction to pass upon it.

On July 23, 1900, the appellee herein filed a bill seeking to enjoin the threatened assessment and collection by the defendants below (appellants here) of municipal taxes under the assumed authority of an act of the general assembly of the State of Kentucky approved March 21, 1900, a copy of which is excerpted in the margin.[1]

---

[1] "Whereas the Supreme Court of the United States has lately decided

In substance, it was averred in the original bill and in an amendment thereto that the complainant was chartered on

---

that article three, chapter one hundred and three of the acts eighteen hundred and ninety-one, eighteen hundred and ninety-two, eighteen hundred and ninety-three is void and of no effect in so far as the same provides for the taxation of the franchise of national banks, in consequence of which decision there is not now and has not been since adoption of said article, in eighteen hundred and ninety-two, any adequate mode of taxing national banks, while state banks are now, and have been ever since eighteen hundred and ninety-two, taxable for all purposes, state and local; therefore

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"Sec. 1. That the shares of stock in each national bank of this State shall be subject to taxation for all state purposes, and shall be subject to taxation for the purposes of each county, city, town and taxing district in which the bank is located.

"Sec. 2. For purposes of the taxation provided for by the next preceding section, it shall be the duty of the president and the cashier of the bank to list the said shares of stock with the assessing officers authorized to assess real estate for taxation, and the bank shall be and remain liable to the State, county, city, town and district for the taxes upon said shares of stock.

"Sec. 3. When any of said shares of stock have not been listed for taxation for any of said purposes under levy or levies of any year or years since the adoption of the revenue law of eighteen hundred and ninety-two, it shall be the duty of the president and cashier to list the same for taxation under said levy or levies; provided, that where any national bank has heretofore, for any year or years, paid taxes upon its franchise as provided in article three of the revenue law of eighteen hundred and ninety-two, said bank shall be excepted from the operation of this section as to said year or years ; and provided further, that where any national bank has heretofore, for any year or years, paid state taxes under the Hewitt bill in excess of the state taxes required by this act for the same year or years, said bank shall be entitled to credit by said excess upon its state taxes required by this act.

"Sec. 4. All assessments of shares of stock contemplated by this act shall be entered upon the assessor's books, certified and reported by the assessing officers as assessments of real estate are entered, certified and reported, and the same shall be certified to the proper collecting officers for collection as assessments of real estate are certified for collection of taxes thereon.

"Sec. 5. The assessments of said shares of stock and collection of taxes thereon, as contemplated by this act, may be enforced as assessment of real estate and collection of taxes thereon may be enforced.

November 17, 1884, for a term of twenty years; that in 1886, by the acceptance of the provisions of an act of the general assembly of Kentucky, approved May 17, 1886, known as the Hewitt Act, a contract was entered into with the State of Kentucky, irrevocable during the existence of the charter of the bank, whereby the complainant became obligated to pay to the State taxes upon the shares of its stock, surplus and undivided profits at a designated rate, such taxes to be in full of all other taxes (state, county or municipal,) except those levied upon its real property; that complainant had regularly made the payments stipulated in said contract up to and including the payment due July 1, 1900; that the taxes thus paid much exceeded the regular taxes imposed by the State during said period upon other real and personal property; and that the fact of the existence of an irrevocable contract had been conclusively determined by the judgment and decree of the Court of Appeals of Kentucky in a litigation between the bank and the State and the city of Covington, growing out of an attempt to collect state and city taxes upon the franchise of the bank, under the authority of an act of the general assembly of Kentucky, approved November 11, 1892. It was also averred that notwithstanding the foregoing the general assembly of Kentucky enacted the statute of March 21, 1900, already referred to, and that the defendants were attempting, under the assumed authority of said act, to compel complainant to list for taxation its shares of stock, and that the defendants designed and intended to assess said shares and to collect municipal taxes thereon for the benefit of the city of Covington for the years 1893 to 1900, both inclusive.

At much length facts were detailed in the bill and amendment regarding a reduction of the capital stock of the com-

"SEC. 6. The purpose of this act is to place national banks of this State, with respect to taxation, upon the same footing as state banks as nearly as may be consistently with said article three of the revenue law and said decision of the Supreme Court.

"SEC. 7. Whereas, it is important that state banks and national banks should be taxed equally for all purposes, and an emergency exists, this act shall take effect and be in force from and after its passage."

plainant made in July, 1897, as to the regular payments of dividends to stockholders during the years for which the tax was sought to be assessed and collected and as to changes in the ownership of the stock during said period. The unconstitutionality of the statute and the illegality of the threatened proceedings thereunder were asserted upon various grounds.

The defendants filed a plea to the jurisdiction and also demurred for want of equity. A motion for a temporary injunction was heard and granted, the court embodying its views in an elaborate opinion. 103 Fed. Rep. 523. The order for the temporary injunction concluded as follows :

"It is ordered, adjudged and decreed by the court that the defendants and each of them, until the further order of the court, is enjoined and restrained from making, either against the complainant or any holder of its shares, any assessment or levy of any taxes upon the shares of complainant's capital stock for any purpose for any time or period previous to March 21, 1900 ; and the said defendants, until the further order of the court herein, are also restrained from collecting, either from the complainant or from any of the holders of the shares of its capital stock, any taxes upon said shares upon any assessment or levy to be made therefor for any time subsequent to that date. Defendants are left at liberty to make assessments of said shares for taxation for any proper time or period after March 21, 1900, but not to make any collection of the taxes so assessed until the court shall have determined from the evidence whether the taxes so assessed are at a higher rate than is permitted by law and to what extent."

The complainant thereupon moved that the injunction be made permanent, and by stipulation the cause was submitted to the court "upon said motion, and also upon the plea of the defendants to the jurisdiction of the court, and also upon their demurrer to the bill of complaint," it being agreed that "if the said plea and said demurrer are both disallowed and over-ruled, then the cause is submitted for the judgment of the court as upon a final hearing, the bill then to be taken for confessed, and further delay thereon being waived."

On December 17, 1900, the following decree was entered :

" This cause came on to be further heard at this term and was argued by counsel ; and thereupon, upon consideration thereof and of the stipulation filed herein, it is ordered, adjudged and decreed as follows, namely:

" First. That the plea of the defendants to the jurisdiction of the court be, and the same is, disallowed and overruled.

" Second. That the bill of complaint, as amended and to which the demurrer and plea were considered as applying, is sufficient and contains matters of equity. meet to be considered by the court, and the demurrer thereto is also disallowed and overruled.

" Third. Upon the reasons given in the opinion of the court heretofore filed herein, and upon other good and sufficient reasons appearing to the court, it is further ordered, adjudged and decreed by the court that the defendants and each of them are perpetually enjoined and restrained from making, either against the complainant or any holder of its shares any assessment or levy of any taxes upon any of the shares of complainant's capital stock for any purpose for any time or period previous to March 21, 1900, and the said defendants, until the further order of the court herein, are also restrained from collecting, either from the complainant or from any of the holders of the shares of the capital stock, any taxes upon any of said shares, upon any assessment or levy to be made therefor for any time subsequent to that date. The defendants are left at liberty to make assessments of and upon said shares for taxation for any proper time or period after March 21, 1900, but not to make any collection of taxes so assessed until the court shall have determined, upon further pleadings and evidence herein, should the defendants elect to present the same, whether the taxes so assessed are at a higher rate than is permitted by law, and to what extent.

" Fourth. And the court hereby retains control of this cause for the purpose of adjudicating and settling any question which may arise upon any assessment made upon any of the shares of the capital stock of the complainant at any time between the entry of this judgment and the expiration of the present and existing articles of incorporation of the complainant."

An application for the allowance of an appeal was filed by the city of Covington and Middendorf; and an assignment of errors was also filed on behalf of said defendants, the grounds, as stated therein, being reproduced in the margin.[1]

An order allowing the appeal as prayed was made. No appeal was prayed by the complainant.

*Mr. Assistant Attorney General Pradt* for the United States submitted on his brief, on which was also *Mr. Philip M. Ashford.*

*Mr. Charles C. Lancaster* for Van Duzee.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

It is apparent that the bill as amended sought by injunction to prevent the collection of taxes on the shares of stock of the bank for the years 1893 to 1900, both inclusive, and indeed it is obvious from the decree that the court considered the case also involved the question whether any other than the taxes provided by the Hewitt Act could be imposed upon the bank during the remainder of its corporate existence. The relief

---

[1] "Come now the defendants and each of them and file the following assignment of errors, upon which they and each of them will rely:

"First. The court erred in overruling the defendants' plea to the jurisdiction of the court.

"Second. The court erred in holding the bill of complaint as amended, to which the plea and demurrer were considered as applying, sufficient, and in overruling the demurrer of the defendants thereto.

"Third. The court erred in enjoining the defendants and each of them from assessing the shares of stock in complainant bank, and from levying taxes thereon for any purpose for any time or period previous to March 21, 1900, and erred in enjoining and restraining the collection of any taxes, either from the complainant bank or from any of the holders of the shares of the capital stock of said bank, for any time subsequent to that date.

"Fourth. The court erred in retaining control of this cause for any purpose.

"Fifth. The court erred in decreeing costs herein against defendant.

"Sixth. The court erred in decreeing any injunction or restraining order herein, and in not dismissing complainant's bill of complaint."

sought was based upon the following grounds: 1. There was a contract with the bank by which the taxes authorized by the act of 1900 could not be levied without impairing the obligation of such contract. 2. The existence of this contract and its binding efficacy was concluded by the thing adjudged. 3. The tax provided by the act of 1900 was discriminatory and repugnant to section 5219 of the Revised Statutes. Now, although the Circuit Court enjoined the assessment and collection of taxes for the years prior to March 21, 1900, it did so, not upon the consideration and determination of the questions of contract or *res adjudicata*, but solely upon the question of discrimination. So far, however, as any taxes subsequent to March 21, 1900, were concerned, they were not disposed of, for the decree expressly provided as follows:

"The defendants are at liberty to make assessments of and upon said shares for taxation for any proper time or period after March 21, 1900, but not to make any collection of taxes so assessed until the court shall have determined, upon further pleadings and evidence herein, should the defendant elect to present the same, whether the taxes so assessed are at a higher rate than is permitted by law, and to what extent.

"Fourth. And the court hereby retains control of this cause for the purpose of adjudicating and settling any question which may arise upon any assessment made upon any of the shares of the capital stock of the complainant at any time between the entry of this judgment, and the expiration of the present and existing articles of incorporation of the complainant."

Whilst the decree on its face thus unambiguously discloses that the court did not finally dispose of the entire controversy made by the pleadings, an inspection of the opinion of the court makes it perfectly clear that the court did not intend to and did not dispose of the entire controversy which was involved in the cause.

The only opinion pronounced was that rendered on the decision made upon the application for a preliminary injunction. Though in that opinion some reference was made by the court to the contentions of contract and *res adjudicata*, the court expressly declared that it would not make a "final expression on

the question," but would leave that subject open for further consideration. And when the court came to render the decree which is appealed from, making the injunction permanent, although it in substance reiterated the provisions of the order allowing the preliminary injunction, it added thereto the fourth paragraph, expressly retaining the cause "for the purpose of adjudicating and settling any question which may arise upon any assessment made upon any of the shares of the capital stock of the complainant, at any time between the entry of this judgment and the expiration of the present and existing articles of incorporation of the complainant."

The court below, in effect, having reserved for future determination the right of the complainant below to enjoin the collection of a municipal tax for 1900, and subsequent years, this court obviously cannot decide that controversy. Matters within the pleadings having been left undetermined and the cause having been retained for the purpose of thereafter passing on them and for the entry of a further decree, the decree entered was not final. *McGourkey* v. *Toledo & Ohio Central Railway,* 146 U. S. 536, 545, 546, and cases cited. As a necessary result this court cannot adjudicate upon the contention respecting that portion of the issue which was actually determined by the Circuit Court, because a decree of a Circuit Court upon the merits can be reviewed here only by appeal, which cannot be taken until after a final decree has been made disposing of the whole cause. The case is not to be brought here in fragments by successive appeals. *Southern Railway Co.* v. *Postal Telegraph Cable Co.,* 179 U. S. 641, 644, and cases cited.

*Appeal dismissed.*