# REXFORD *v.* BRUNSWICK–BALKE–COLLENDER COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 188.   Argued March 14, 1913.—Decided April 14, 1913.

The disqualification under § 3 of the Court of Appeals Act of 1891 arises not only when the judge has tried or heard the whole cause in the court below, but also when he has tried or heard any question therein upon which it is the duty of the Circuit Court of Appeals to pass.

Under § 3 of the Court of Appeals Act of 1891, a judge is not disqualified from sitting in a cause because he had previously passed upon a motion which did not involve a non-waivable question of jurisdiction if the parties voluntarily and unequivocally eliminate all the questions involved in the motion from consideration by the Circuit Court of Appeals.

The time for filing a petition for removal is not essential to the jurisdiction of the Federal court, and may be the subject of waiver or estoppel.

Judges of Federal courts should avoid asking counsel if objections to the jurisdiction of the court are withdrawn, as the withdrawal of such objections to be effectual must be purely voluntary.

A decree of the Circuit Court adjudging right of possession to one of the parties but appointing a special master to take evidence as to identity of the articles, is not final but interlocutory only and therefore is not appealable.

The act of 1891 does not permit an appeal to the Circuit Court of Appeals from a judgment that does not finally dispose of the whole case.

181 Fed. Rep. 462, reversed.

THE facts, which involve the construction of the Circuit Court of Appeals Act as to disqualification of judges to sit on the trial of cases and as to what judgments are reviewable by the Circuit Court of Appeals, are stated in the opinion.

*Mr. Julius C. Martin,* with whom *Mr. J. H. Tucker* was on the brief, for petitioner.

*Mr. James H. Merrimon,* with whom *Mr. T. D. Bryson* and *Mr. S. W. Black* were on the brief, for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a suit by the owner of a large body of lands in two counties in North Carolina to cancel certain deeds under which the defendant was claiming several thousand

growing trees on the lands, to enjoin the defendant from entering on the premises and cutting or interfering with any of the trees thereon, and to recover damages for trees alleged to have been wrongfully cut and removed before the suit. The bill charged, in effect, that the deeds were utterly void; that if they were not originally void, all rights under them had been exhausted by the felling and removal of all the trees covered by them; and that, if those rights had not been thus exhausted, they had been lost by abandonment and lapse of time. The answer asserted the validity of the deeds, alleged that such cutting and removal as occurred prior to the suit was done in the lawful exercise of the rights acquired under the deeds, denied that those rights had been lost by abandonment, lapse of time or otherwise, and asserted that most of the trees covered by the deeds were still standing and the defendant was entitled to cut and remove them without any restriction in point of time. It appeared from the pleadings that the deeds had been executed twenty-four years before the suit and did not purport to cover all the trees, but only a designated number of pine and poplar trees two feet in diameter at the butt, all marked with the letter "L." After the issues were framed the Circuit Court, with the acquiescence of the parties, entered the following order:

"And it appearing to the court that the rights of the defendants in this action depend primarily on several questions of law based on documentary evidence of its title to the trees in question;

"And it further appearing to the court that it would facilitate the hearing of said cause, if such documentary evidence were offered and such preliminary question of title first disposed of by the court;

"Now, therefore, it is ordered that these questions of law and the documentary evidence bearing thereon be first presented to the court for argument and all questions

of fact in this cause be held in abeyance until said pre-
liminary questions are disposed of by the court."

A partial hearing pursuant to that order resulted in the
rendition of a decree to the effect that through the deeds
in question the defendant acquired an absolute and inde-
feasible title in fee simple to the trees therein described, as
also a right of ingress and egress for the purpose of cutting
and removing them, and that under a proper construction
of the deeds the defendant was not restricted to a reason-
able time within which to fell and remove the trees, but was
entitled to do so whenever it chose. The decree concluded:
"And this cause is retained for further orders." Shortly
thereafter an order was entered reciting that "there is
much other proof touching the matters in issue necessary
to be heard, looking to a final judgment," and appointing
a special master "to take proofs of all and singular the is-
sues herein (except the evidence in the cause heretofore
heard by this court), especially to take evidence concerning
the identity of certain marked trees described in the plead-
ings, and to report the number and identity of such trees,
and to ascertain and report his findings to this court."

Without awaiting the incoming of the report of the
special master or the action of the court thereon the
plaintiff prayed and was allowed an appeal from the
decree before described to the Circuit Court of Appeals,
and the decree was there affirmed. 181 Fed. Rep. 462.
The plaintiff then petitioned this court for a writ of
certiorari, which was allowed.

The first question that claims our attention is, whether
one of the judges who sat at the hearing in the Circuit
Court of Appeals was disqualified under the statutory
provision, act of March 3, 1891, 26 Stat. 826, c. 517, § 3,
which declares "that no justice or judge before whom a
cause or question may have been tried or heard in a
District Court, or existing Circuit Court, shall sit on the
trial or hearing of such cause or question in the Circuit

Court of Appeals." The facts bearing on this question are these: The suit was begun in a state court, and was removed to the Circuit Court by the defendant on the ground of diverse citizenship. The amount in controversy and the citizenship of the parties were concededly such as to admit of the removal, but the plaintiff, conceiving that the right of removal was not seasonably asserted, moved on that ground alone that the suit be remanded to the state court. The motion was denied, and the plaintiff excepted. When the cause came on for hearing in the Circuit Court of Appeals the district judge who had heard and denied the motion to remand (but had done nothing else in the case) was sitting as one of the judges of that court in virtue of an assignment under the Court of Appeals Act. Counsel for the plaintiff thereupon suggested the question whether the district judge was disqualified to sit on the hearing of the appeal, and the court inquired whether the objection to the removal would be insisted upon. Counsel for the plaintiff answered that "it would not" and that he "believed the case had been properly removed." The hearing then proceeded, the district judge sitting as one of the judges and participating in the decision, which made no mention of the objection to the removal, doubtless because it was regarded as expressly withdrawn. In the petition for certiorari and in the supporting brief the plaintiff, although admitting the above colloquy, insisted that the district judge was nevertheless disqualified.

Unless what was said by counsel for the plaintiff in that colloquy completely relieved the Circuit Court of Appeals from considering and deciding the question relating to the removal, there can be no doubt of the disqualification of the district judge. The terms of the statute, before quoted, are both direct and comprehensive. Its manifest purpose is to require that the Circuit Court of Appeals be composed in every hearing of judges none of whom will be

in the attitude of passing upon the propriety, scope or effect of any ruling of his own made in the progress of the cause in the court of first instance, and to this end the disqualification is made to arise, not only when the judge has tried or heard the whole cause in the court below, but also when he has tried or heard any question therein which it is the duty of the Circuit Court of Appeals to consider and pass upon. *American Construction Co.* v. *Jacksonville &c. Co.*, 148 U. S. 372, 387; *Moran* v. *Dillingham*, 174 U. S. 153. That the question may be easy of solution or that the parties may consent to the judge's participation in its decision can make no difference, for the sole criterion under the statute is, does the case in the Circuit Court of Appeals involve a question which the judge has tried or heard in the course of the proceedings in the court below?

Whether such a question was involved in this instance turns upon the effect to be given to the declaration of counsel for the plaintiff, made before the hearing was begun in the Circuit Court of Appeals, that the objection to the removal would not be insisted upon, because he believed the case was properly removed. If that operated to eliminate the question relating to the removal and to relieve the court from considering or deciding it, it seems plain that the statute did not apply. On the other hand, if counsel's declaration amounted only to a consent that the court as then composed might proceed to a hearing and decision of that question, it seems equally plain that the statute did apply and that the consent given was of no effect whatever. We think the former is the correct view. Whether the removal was taken within the time designated in the removal act was a question which the plaintiff could raise and insist upon or waive at his option. It was not jurisdictional in the sense that the Circuit Court or the Circuit Court of Appeals was required to notice it *sua sponte.* As was said by this court in *Powers* v. *Chesapeake*

*& Ohio Railway Co.,* 169 U. S. 92, 98: "The existence of diverse citizenship, or other equivalent condition of jurisdiction, is fundamental; the want of it will be taken notice of by the court of its own motion, and cannot be waived by either party. *Manchester &c. Railway* v. *Swan,* 111 U. S. 379. But the time of filing a petition for removal is not essential to the jurisdiction; the provision on that subject is, in the words of Mr. Justice Bradley, 'but modal and formal,' and a failure to comply with it may be the subject of waiver or estoppel." (Citing cases.)

Of course, to be of any effect the withdrawal of the question which the judge has tried or heard in the lower court must be purely voluntary. The record shows that it was so in this instance, and counsel for the plaintiff has not suggested the contrary. But that our ruling may not be misapprehended, we deem it well to observe that the court should avoid such an inquiry as was made of counsel in this case, lest it be mistaken for an invitation to withdraw the question. Our ruling rests on the ground that there was no such mistake here.

With the question arising on the removal proceedings eliminated, as we think it was by counsel's declaration, there was left no ground for regarding the district judge as disqualified.

The plaintiff advances several arguments to show that the decision of the Circuit Court of Appeals should have been one of reversal, rather than of affirmance, but it will not be necessary to state or consider them. In the Federal courts an appeal, as a general rule, lies only from a final decree. It is otherwise in the exceptional instances specified in § 7 of the Court of Appeals Act as amended April 14, 1906, 34 Stat. 116, c. 1627, and in two or three similar enactments, but none of these includes the present case. What we have said of the decree of the Circuit Court shows that it was not final, but interlocutory only. It did not dispose of all the issues and was but a step to-

ward a final hearing and decree. Further proofs were yet to be taken, and not until that was done could the entire controversy presented by the pleadings be adjudicated. This was recognized by the retention of the case for further orders and by the subsequent reference to a special master to take the remaining proofs. Plainly such a decree is not appealable. If it were, the case could be taken to the appellate court in fragments by successive appeals. But this the law wisely prevents by postponing the right of appeal until there is a final decree disposing of the whole case. *Perkins* v. *Fourniquet*, 6 How. 206; *Grant* v. *Phœnix Ins. Co.*, 106 U. S. 429; *McGourkey* v. *Toledo & Ohio Ry. Co.*, 146 U. S. 536; *Covington* v. *Covington First National Bank*, 185 U. S. 270; *Ex parte National Enameling and Stamping Co.*, 201 U. S. 156.

As the Circuit Court of Appeals erred in entertaining the appeal, its decision is vacated and the case is remanded to the District Court, as successor to the Circuit Court, with directions to proceed to a final disposition of the case in regular course.

*Reversed.*