## HALFPENNY et al. v. MILLER.

(Circuit Court of Appeals, Fourth Circuit.    February 2, 1916.)

No. 1388.

1. APPEAL AND ERROR &⇒80(1)—DECISIONS APPEALABLE—FINALITY OF DETERMINATION.

In an action for a partnership settlement, a master to whom the case was referred presented a statement of the accounts, with a finding that defendants owed plaintiff $219.10. A decree was entered, confirming the report, dissolving the partnership, adjudging that plaintiff recover such sum against the defendants, ordering a receiver to sell certain partnership property, and continuing the cause for further proceedings. A subsequent decree confirmed the receiver's sale, fixed the fees of the receiver and special master, ordered the receiver to pay one half the funds in his hands to plaintiff as his share, and to pay the other half to plaintiff to be credited on his recovery against defendants, and adjudged costs in favor of plaintiff, with the right to issue execution therefor, and for the amount remaining unpaid on the decree in his favor. *Held* that, while the first decree determined the main controversy between the parties, as the partnership property was yet to be sold, the balance in the hands of the receiver ascertained and disposed of, and the liability for costs determined, and as the final balance in favor of plaintiff had not been fixed, with leave to issue execution, it was at least doubtful whether the first decree was a final decree for the purposes of appeal, and, under the principle that all doubts should be resolved in favor of retaining an appeal, a motion to dismiss an appeal from the second decree would be refused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 494–500, 503, 505–509; Dec. Dig. &⇒80(1).]

2. APPEAL AND ERROR &⇒801(1)—MOTIONS TO DISMISS.

Motions to dismiss appeals without consideration of the merits should not be granted, except when it clearly appears that there has been a fatal failure to comply with legal requirements.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3161, 3164; Dec. Dig. &⇒801(1).]

3. PARTNERSHIP &⇒333—DISSOLUTION AND SETTLEMENT—ACCOUNTING.

Where, on a partnership settlement, the master's statement of the operating account showed, not only that defendants owed the partnership $12,503.72, but also that the partnership owed plaintiff the same amount, defendants having received such amount in excess of what they paid in, and plaintiff that much less than he paid in, the account was properly settled by charging defendants, as due plaintiff, the full amount thereof, though, had the account showed that defendants owed the partnership such amount, and that the partnership owed plaintiff nothing, the balance would have been a partnership asset, and plaintiff would have been entitled to judgment for only one-half thereof.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 792–796; Dec. Dig. &⇒333.]

---

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of West Virginia, at Charleston; Benjamin F. Keller, Judge.

Suit by A. G. Miller against John Halfpenny and another, late partners trading as Halfpenny & Hamilton. From a decree, defendants appeal. Affirmed.

W. B. Maxwell, of Elkins, W. Va. (H. M. McCaughey, of Philadelphia, Pa., and E. L. Maxwell, of Elkins, W. Va., on the brief), for appellants.

Andrew Price, of Marlinton, W. Va., for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. This action was instituted by A. G. Miller against John Halfpenny and R. C. Hamilton for the settlement of a partnership. By the terms of the partnership contract the losses and profits were to be shared, one-half by Miller, who was in charge of the operation of the lumber mills in West Virginia, and one-half by Halfpenny and Hamilton, who did business in Philadelphia and had charge of selling the lumber.

[1, 2] The District Court referred the case to a special master to report the proper settlement. That was little material dispute as to the facts, and no charge of intentional wrongdoing. The difficulty was the adjustment of a complicated account. The master presented to the court a thorough and careful statement of the accounts and his reasoning thereon; his finding being that the defendants Halfpenny and Hamilton owed the plaintiff Miller on December 31, 1910, the sum of $2,191.10. By a decree entered November 18, 1913, the report of the master was confirmed in accordance with the opinion of the court filed on the same day; the copartnership was dissolved; recovery for $2,191.10 and interest was adjudged in favor of Miller against Halfpenny and Hamilton; and the receiver was ordered to pay two small debts, and to sell a tract of land, the property of the partnership. By this decree the cause was "continued for further proceedings." On June 19, 1914, by another decree, the sale made by the receiver was confirmed; the fees of the receiver and the special master were fixed; the receiver was ordered to pay one half of the funds in his hands to Miller as his share as a member of the partnership, and the other half, the share of Halfpenny and Hamilton, to Miller to be credited on his recovery of $2,191.10 against Halfpenny and Hamilton; and costs were adjudged in favor of the plaintiff against the defendants with the right to issue execution for costs and for the amount remaining unpaid on the decree in his favor. The petition for appeal and the order allowing it were dated December 17, 1914.

At the hearing in this court a motion was made to dismiss the appeal, on the ground that the decree of November 18, 1913, was a final decree, and that therefore the appeal on December 17, 1914, was too late. The accepted definitions of a final decree are sometimes difficult to apply. In Keystone M. & I. Co. v. Martin, 132 U. S. 91, 10 Sup. Ct. 32, 33 L. Ed. 275, it was held that a decree for an in-

junction leaving an account to be afterwards taken was not final. The authorities are reviewed, and the rule reaffirmed, that for a decree to be final it—

"must terminate the litigation between the parties on the merits of the case, so that, if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered."

In Lewisburg Bank v. Sheffey, 140 U. S. 445, 11 Sup. Ct. 755, 35 L. Ed. 493, the court thus speaks of a decree which it held to be final:

"This finally determined the entire controversy litigated between the parties and nothing remained but to carry the decree into execution. The bringing of the fund into court was for the final distribution as decreed, and not to be held pending the ascertainment of the principles upon which it should be distributed."

In the case now before us it is true the decree of November 18, 1913, determined the main controversy between the parties—the method of taking the accounts and the balance on such accounting in favor of Miller. Hence, under the authorities cited, there is strong reason to say the decree was final. But the land was yet to be sold, the balance in the hands of the receiver to be ascertained and disposed of, and the liability for costs to be determined. Besides, the final balance in favor of Miller had not been fixed with leave to issue execution therefor; for the receiver had in his hands funds belonging to Halfpenny and Hamilton applicable to the balance of $2,191.10 found against them on the general accounting taken of partnership transactions. These matters were not adjudged and the rights and liabilities of the parties finally settled until the decree of June 19, 1914. It is, therefore, at least doubtful whether the decree of November 18, 1913, should be regarded the final decree for purposes of appeal. Dainese v. Kendall, 119 U. S. 53, 7 Sup. Ct. 65, 30 L. Ed. 305; Lodge v. Twell, 135 U. S. 232, 10 Sup. Ct. 745, 34 L. Ed. 153; McGourkey v. Toledo & Ohio Central R. Co., 146 U. S. 536, 13 Sup. Ct. 170, 36 L. Ed. 1079; Covington v. Covington First National Bank, 185 U. S. 270, 22 Sup. Ct. 645, 46 L. Ed. 906. Motions to dismiss appeals without consideration of the merits should not be granted, except when it clearly appears that there has been a fatal failure to comply with legal requirements. On the principle that all doubts should be resolved in favor of retaining an appeal for decision on the merits, the motion to dismiss is refused.

[3] Coming to the merits, the defendants contend that there was a fundamental error in the conclusion from the statement made by the master that Halfpenny and Hamilton owed Miller on the operating account $12,503.72; that the conclusion should have been that the balance due by Halfpenny and Hamilton was a partnership asset of which Halfpenny and Hamilton themselves were entitled to one-half; and that therefore the debit against them on this account in favor of Miller should have been only one-half, $6,251.86.

This position is founded on a misapprehension. Had the statement of the operating account showed that the defendants owed the partnership thereon $12,503.72 and that the partnership owed the

plaintiff nothing on that account, then the balance of $12,503.72 would have been a partnership asset, divisible one-half to the defendants and one-half to the plaintiff. But the statement showed not only a balance against the defendants of $12,503.72 in favor of the partnership, but a balance against the partnership in favor of the plaintiff of $12,503.72. In other words, including the share of loss chargeable to each party the defendants had received from the operating account $12,503.72 more than they had put in, and the plaintiff had received $12,503.72 less than he had put in. It follows that this account was properly settled by charging the defendants as due to the plaintiff $12,503.72.

The exceptions to the master's report relating to the charges of interest and discount are so fully and satisfactorily disposed of by the District Court that they require no further discussion. There are numerous assignments of error relating to small items of the account: without detailed discussion it is sufficient to say that the master has disposed of these items as fairly as was possible under the circumstances.

Affirmed.