**RADIO CORPORATION OF AMERICA et al. v. J. H. BUNNELL & CO., Inc., et al. (two cases).**

(Circuit Court of Appeals, Second Circuit. March 3, 1924.)

Nos. 249, 250.

**Appeal and error ⚖➾71(3), 78(4)—Order dismissing counterclaim held not appealable; "final judgment."**

An order dismissing a counterclaim set up in an answer in equity is not a final order, nor is it appealable under Judicial Code, § 129 (Comp. St. § 1121), though the counterclaim asked, inter alia, for injunctive relief, where no injunction was formally asked for and no question of the right to such relief raised.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Appeal from the District Court of the United States for the Southern District of New York.

See, also, 298 Fed. 63.

Pennie, Davis, Marvin & Edmonds, of New York City (Willis H. Taylor, Jr., and William H. Davis, both of New York City, of counsel), for appellants.

Sheffield & Betts, of New York City (James R. Sheffield and Gilman D. Blake, both of New York City, of counsel), for appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Plaintiffs brought the usual bills for infringement of patents. Defendants embodied in their answers a counterclaim under equity rule 30, in which, among other things, injunctive relief against

plaintiffs or some of them was asked. No motion for injunction, however, was ever made by defendants, but plaintiffs, for reasons here immaterial, moved to dismiss the counterclaim. The court thereupon ordered merely that "the counterclaim in the answer * * * to the amended bill of complaint herein be and the same hereby is dismissed." Thereupon defendants appealed from these orders, assigning for error only that the court erred in entering such dismissal.

Confirming the disposition of these causes made in open court on the argument, these appeals must be dismissed, without costs, as having been inadvertently taken. The orders appealed from were obviously not final, and therefore no appeal lies, under Judicial Code, § 128 (Comp. St. § 1120). This general principle is undoubted. Rexford v. Brunswick, etc., Co., 228 U. S. 339, at page 346, 33 Sup. Ct. 515, 57 L. Ed. 864. That an appeal will not lie from an order or decree merely dismissing a cross-bill was explicitly held in Emery v. Central Trust, etc., Co., 204 Fed. 965, 123 C. C. A. 287.

Nor could any appeal be taken under Judicial Code, § 129 (Comp. St. § 1121). That well-known section does grant the right of appeal when in a District Court "an injunction shall be * * * refused * * *"; but such appeal must be taken from an "interlocutory order or decree * * * refusing * * * an injunction. * * *" No order was ever entered herein refusing an injunction, if for no other reason than that no injunction was ever formally asked for.

This section of the Judicial Code cannot be invoked to sustain the right of appeal, where no question of the right to injunctive relief is raised, or even suggested.