**DOOLEY et al. v. FRITZ.**

No. 2474.

Circuit Court of Appeals, First Circuit.

Nov. 26, 1930.

Charles W. Lavers, of Boston, Mass., for appellants.

Daniel F. McCormack, of Boston, Mass., for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge (after stating the facts as above).

We are met at the outset with the objection that neither of the decrees are final and appealable, either in denying the complainants' motion to dismiss or in referring the case to a master. As this goes to the jurisdiction of this court, the question must first be determined.

In United States v. Bighorn Sheep Co., 276 F. 710, 711, the Court of Appeals for the Eighth Circuit had under consideration the question whether a decree sustaining a motion to dismiss portions of the plaintiff's bill was final and appealable. It is there said: "Under the statutes conferring jurisdiction upon the courts of appeal of the United States, an appeal can only be taken from a final decree, unless the acts of Congress have made exceptions. A decree is final when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined. St. L., I. M. & S. R. R. Co. v. Southern Express Co., 108 U. S. 24, 28, 3 S. Ct. 6, 27 L. Ed. 638; Bank of Roundout v. Smith, 156 U. S. 330, 333, 15 S. Ct. 358, 39 L. Ed. 411; Heike v. United States, 217 U. S. 423, 429, 30 S. Ct. 539, 54 L. Ed. 821; Carmichael v. City of Texarkana, 116 F. 845, 846, 847, 54 C. C. A. 179, 58 L. R. A. 911."

And it was held that, as the order of dismissal disposed of only a part of the issues involved in the bill, leaving the suit pending as to the other issues there charged, the decree of dismissal was not a final and an appealable one.

In Collins v. Miller, 252 U. S. 364, 40 S. Ct. 347, 349, 64 L. Ed. 616, the Supreme Court had under consideration an appeal from a judgment entered in a habeas corpus

proceeding. In that case the petition alleged that the relator was unlawfully detained for foreign extradition on three charges. The judgment denied relief as to one of the charges and ordered a further hearing by the Commissioner as to the others. It was held that the judgment was not final and appealable; it did not dispose of the whole case. The court there said: "A case may not be brought here by appeal or writ of error in fragments. To be appealable, the judgment must be, not only final, but complete. United States v. Girault, 11 How. 22, 32, 13 L. Ed. 587; Holcombe v. McKusick, 20 How. 552, 554, 15 L. Ed. 1020; Bostwick v. Brinkerhoff, 106 U. S. 3, 4, 1 S. Ct. 15, 27 L. Ed. 73; Grant v. Phoenix Ins. Co., 106 U. S. 429, 431, 1 S. Ct. 414, 27 L. Ed. 237; Dainese v. Kendall, 119 U. S. 53, 7 S. Ct. 65, 30 L. Ed. 305; Covington v. Covington First National Bank, 185 U. S. 270, 277, 22 S. Ct. 645, 46 L. Ed. 906; Heike v. United States, 217 U. S. 423, 429, 30 S. Ct. 539, 54 L. Ed. 821; Rexford v. Brunswick-Balke-Collender Co., 228 U. S. 339, 346, 33 S. Ct. 515, 57 L. Ed. 864. And the rule requires that the judgment to be appealable should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved. Louisiana Navigation Co. v. Oyster Commission, 226 U. S. 99, 101, 33 S. Ct. 78, 57 L. Ed. 138; Sheppy v. Stevens, 200 F. 946, 119 C. C. A. 330. The seeming exception to this rule by which an adjudication final in its nature of matters distinct from the general subject of the litigation, like a claim to property presented by intervening petition in a receivership proceeding, has been treated as final, so as to authorize an appeal without awaiting the termination of the general litigation below (Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207, 224, 10 S. Ct. 736, 34 L. Ed. 97; Williams v. Morgan, 111 U. S. 684, 699, 4 S. Ct. 638, 28 L. Ed. 559; Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157), has no application here. Nor have cases like Forgay v. Conrad, 6 How. 201, 204, 12 L. Ed. 404, and Thomson v. Dean, 7 Wall. 342, 345, 19 L. Ed. 94, where decrees finally disposing of property which the successful party was entitled to have carried into execution immediately, were held appealable, although certain accounts pursuant to the decree remained to be settled."

The complainants apparently contend that the decrees are final and appealable because they deprived them of a trial by jury upon the issues of law raised by defendant in her answer by way of counterclaim and require those issues to be tried in the equity suit. This is plainly not the case. The issues of law tendered in the answer by way of counterclaim, the plaintiffs can have stricken from the answer, if they desire; and if an application therefor is denied, by preserving their right, have the question reviewed. While Equity Rule 30 (28 USCA § 723), as construed by the Supreme Court, allows a defendant to avail himself, by way of counterclaim, of matter which might be the subject of an independent suit in equity, as well as of subject-matter of an equitable nature arising out of the cause of complaint stated in the bill, it confines and limits counterclaims to those which are equitable. American Mills Co. v. Amer. Surety Co., 260 U. S. 360, 365, 43 S. Ct. 149, 151, 67 L. Ed. 306. It is there said: "That which grows out of the subject-matter of the bill must be set up [by counterclaim] in the interest of an end of litigation. That which does not may be set up if the defendant wishes in one proceeding in equity quickly to settle all equitable issues capable of trial between them in such a proceeding, even though they are not related. Buffalo Specialty Co. v. Vancleef (D. C.) 217 F. 91. The formality of cross-bills is not required, and the rule goes as far as possible to facilitate the prompt disposition of equitable controversies between the same litigants. The rule should be liberally construed to carry out its evident purpose of shortening litigation, but the limitation of counterclaims to those which are equitable is imperative." This is the rule in this Circuit. Krentler-Arnold Hinge Last Co. v. Leman (C. C. A.) 13 F. (2d) 796, 801.

What we have said of the decrees here in question shows that neither of them was final, but interlocutory only. Neither disposed of all the issues and were but steps toward a final hearing and decree. Further proofs were to be taken, and, until that was done, the entire controversy presented by the pleadings could not be adjudicated. Rexford v. Brunswick-Balke-Collender Co., 228 U. S. 339, 345, 346, 33 S. Ct. 515, 57 L. Ed. 864.

The appeal is dismissed for want of jurisdiction. No costs.