**ELLIS v. UNITED STATES et al.**

No. 2672.

Circuit Court of Appeals, First Circuit.

June 27, 1932.

Charles G. Willard, of Brockton, Mass., for appellant.

N. Robert Voorhis, of Boston, Mass. (Clarence A. Warren and Warren, Voorhis & Eley, all of Boston, Mass., on the brief), for appellee Mary L. Ryder.

Oscar U. Dionne, Sp. Asst. U. S. Atty., of Boston, Mass.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is a motion to dismiss an appeal upon the ground that the order appealed from was not a final judgment or decree.

The United States instituted proceedings to take by eminent domain three parcels of land in Brockton, Mass. The third parcel had been conveyed by one Ryder to Ellis, the present owner and the appellant here, by a deed in which Ryder's wife did not join. The petition of the United States alleged that Mrs. Ryder (Mary L. Ryder) claimed inchoate dower or other statutory rights as Ryder's wife in the property taken. Ellis answered the petition claiming that the fair market value of the premises taken was $60,000 and also claiming special damages caused to him by the taking amounting to $45,000 more. He prayed that his case be heard separately from that of the other respondents "excepting Mary L. Ryder who may have such interest as to entitle her to be heard in said separate proceedings." Mrs. Ryder answered the government's petition asserting her inchoate dower and her statutory rights as Ryder's wife and joined in the prayer for a separate trial. The United States paid into court $34,500, the appraised value of the three parcels, $24,000 of it for the premises in which Ellis and Mrs. Ryder claimed ownership or interest.

Ellis thereupon moved that Mrs. Ryder be dismissed as a party to the proceeding on the ground that her alleged interest in the property, viz. inchoate dower or its statutory equivalent, was terminated by the taking, and that, she being the only other person claiming an interest in those premises, the $24,000 should be paid to him forthwith. The District Judge denied the motion, and Ellis appealed. Mrs. Ryder moves to dismiss the appeal on the ground that the order was not a final judgment and not therefore appealable.

It is clear that the motion to dismiss should be granted. The denial of Ellis' motion was not an adjudication of rights in the property taken or in the fund in court. It merely decided that on the pleadings Mrs. Ryder asserted a claim on which she was entitled to be heard. The motion was, in effect, a demurrer to her answer; and the overruling of it was in no sense a final judgment. We recently had occasion to consider what constitutes an appealable order. Dooley v. Fritz (C. C. A.) 45 F.(2d) 317. That decision and the authorities therein referred to are decisive of this case.

The appeal is dismissed; no costs.