**HYMAN v. McLENDON et al.**
**In re LANE.**
**No. 4414.**

Circuit Court of Appeals, Fourth Circuit.
Feb. 28, 1939.

L. D. Jennings and Marion W. Seabrook, both of Sumter, S. C. (Royall & Wright, of Florence, S. C., and C. B. Ruffin, of Hartsville, S. C., on the brief), for appellant.

Henry E. Davis, of Florence, S. C. (Samuel Want, of Darlington, S. C., and Henry C. Jennings and R. H. Singletary, both of Bishopville, S. C., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal from an order directing that a suit by a trustee in bankruptcy to impress a trust on property and for the recovery of damages be prosecuted in the court of bankruptcy, referring the suit for hearing to the referee in bankruptcy and enjoining the trustee and the bankrupt from further prosecution of a suit involving the same subject matter instituted in a state court. Motion is made to dismiss the appeal because not taken within the time allowed by statute, and we are of opinion that the motion must be allowed.

On September 24, 1935, Dr. Joseph Benjamin Lane of Lee County, S. C., was duly adjudicated a bankrupt on his voluntary petition; and on January 20, 1936, he was granted his discharge. No trustee was appointed prior to the granting of the discharge because the petition disclosed no sufficient assets to justify such appointment. On May 28th, 1936, however, Dr. Lane began a suit in the Court of Common Pleas of Lee County, S. C., against R. W. McLendon and others seeking to impress specific property with a trust in his favor, and to recover damages in the sum of $85,000 on account of transactions alleged to have occurred over a period of years extending from 1921 to 1934. On July 3, 1936, the defendants in the suit instituted in the state court filed a petition with the court of bankruptcy asking that the discharge of the bankrupt be set aside, that a trustee of his estate be appointed and that the trustee be authorized to bring before the bankruptcy court for adjudication the matters involved in the suit in

the state court. After a hearing on this petition, the bankruptcy court revoked the order of discharge and directed that a trustee in bankruptcy of the estate of the bankrupt be appointed. This court denied an appeal from that order. Lane v. McLendon, 4 Cir., 87 F.2d 1009. Later a trustee of the estate of the bankrupt was duly appointed and the bankruptcy court designated counsel to represent him in the prosecution of the claim involved in the suit in the state court.

On March 25, 1938, R. W. McLendon and the other defendants in the suit pending in the state court filed petition in the bankruptcy court setting forth the pendency of the suit in the state court and asking the court of bankruptcy to adjudicate the matters there in controversy. Answer was filed to this petition by counsel for the trustee denying the jurisdiction of the court of bankruptcy and alleging that exclusive jurisdiction in the matter rested with the state court. The District Judge, on September 1, 1938, entered the order from which appeal is taken, striking out the answer of the trustee, enjoining him from proceeding with the prosecution of the suit in the state court, holding that exclusive jurisdiction to determine the matters in controversy rested with the court of bankruptcy, and referring these matters to a special master for hearing on the merits. No attempt was made to appeal from this order until October 21, 1938.

■ Many interesting questions have been argued before us which we are without power to consider, for the reason that the appeal, not having been taken within the time prescribed by statute, must be dismissed. The order appealed from was no more than an order entered in the bankruptcy proceedings of Dr. Lane directing the trustee to litigate the claim against the McLendons in the court of bankruptcy, to the jurisdiction of which the McLendons had submitted themselves, rather than in the state court. Even though we may not agree with the reasoning upon which that order is based, we must recognize that it is an order entered in the bankruptcy proceedings (Taylor v. Voss, 271 U.S. 176, 181, 46 S.Ct. 461, 70 L.Ed. 889) and that appeal must be taken from it as such within the time allowed by statute. Whether properly viewed as an order entered in a "controversy" arising in the bankruptcy proceedings or in the proceedings themselves, we need not stop to inquire, since the time limited for appeal is the same in both cases. Prior to the Chandler Act, appeal could be taken from such an order only within thirty days after its entry. Bankruptcy Act § 24c, 44 Stat. 665. If it be assumed that the provisions of the Chandler Act are applicable because that Act became effective before the period allowed for appeal under the former Act had expired, the position of appellant is not helped for the reason that more than forty days had expired after the entry of the order before any attempt was made to appeal from it. 52 Stat. 855, 11 U.S.C.A. § 48.

■ The position that the order appealed from was made in a plenary suit independent of the bankruptcy proceedings does not help appellant. In the first place, this position cannot be sustained as a matter of fact. The order was made in the bankruptcy proceedings, was entitled therein, and directed the trustee as to the conduct of litigation for the benefit of the bankrupt estate, holding at the same time that the litigation was pending as a summary proceeding before the bankruptcy court. In the second place, if the order be viewed as one entered in a plenary suit, it is interlocutory and not final in character. It does not settle any issue, but merely refers the case to a master to take testimony and report his findings and conclusions. Cf. Rexford v. Brunswick-Balke-Collender Co., 228 U.S. 339, 345, 33 S.Ct. 515, 57 L.Ed. 864; Arnold v. U. S. for Use of W. B. Guimarin & Co., 263 U.S. 427, 434, 44 S.Ct. 144, 68 L.Ed. 371; Fields v. Mutual Benefit Life Ins. Co., 4 Cir., 93 F.2d 559, 561. As pointed out in these cases, appeal does not ordinarily lie from an order interlocutory and not final in character. Appeal may be taken from an interlocutory order granting an injunction only if the appeal is applied for within thirty days of the entry of the order. 28 U.S.C.A. § 227. In any view of the case, therefore, the appeal must be dismissed.

Appeal dismissed.