Isaac PUTTERMAN, Robert L. Levine, Barbara G. Mayer, Plaintiffs,

v.

Erle V. DAVELER, Raymond B. Hindle, Lee B. Morey, Robert G. Stone, Alton Austin Cheney, Arnold Hoffman, Henry T. Mudd, Clifton L. Wyman,
and
Reserve Mining Company, a corporation of the State of Minnesota,
and
Mesabi Iron Company, a corporation of the State of Delaware, Defendants.

Civ. A. No. 2014.

United States District Court
D. Delaware.

Dec. 1, 1958.

See also 134 A.2d 480.

Arthur G. Logan, Vincent A. Theisen, Aubrey B. Lank (Logan, Marvel, Boggs & Theisen), Wilmington, Del., Jesse Climenko and Herbert L. Scharf (Gallop, Climenko & Gould), New York City, for plaintiffs and defendant, Mesabi Iron Co.

William S. Potter (Berl, Potter & Anderson), Wilmington, Del., Walter J. Milde, George H. Rudolph, and Frederick Woodbridge, Cleveland, Ohio (Jones, Day, Cockley & Reavis), Cleveland, Ohio, for defendant, Reserve Mining Co.

RODNEY, District Judge.

This matter concerns the removal of a case from the Court of Chancery of the State of Delaware to this Court and a motion to remand the same.

The action is a derivative stockholders action brought by Isaac Putterman, Robert L. Levine and Barbara G. Mayer, three stockholders of Mesabi Iron Company, who were all residents of New York. The action was brought against Reserve Mining Company, a corporation of the State of Minnesota, and against the individual officers and directors of Mesabi, four of whom were residents of New York and against Mesabi Iron Company, a corporation of the State of Delaware. The complaint alleged that Reserve was indebted to Mesabi Iron Company and that the officers and directors of Mesabi refused to take action against Reserve and that Mesabi Iron Company was therefore made a defendant. The action sought the recovery on behalf of Mesabi against Reserve for certain net profits received by Reserve and the cancellation of certain contractual relations between Mesabi and Reserve. The action also sought recovery against the individual defendants, officers or directors of Mesabi.

The action was originally filed in the Delaware Court on March 25, 1957. At that time it was conceded the case was not removable because Mesabi was a defendant and was a corporation of the State of Delaware. The Statute [1] provides that an action is removable on the ground of diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The Statute [2] governing the procedure for removals provides that the petition for removal shall be filed within 20 days after the service of the initial pleading or (an alternative not here material). The Section further provides by the second paragraph:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The petition for removal alleges that on June 19, 1958, Aaron Finger and his Law Firm of Richards, Layton and Finger, then attorney for Mesabi, filed a motion in which they requested leave of the Court to withdraw as counsel for Mesabi, stating that there had been a change in the management of Mesabi and that the withdrawal was in accordance with instructions from the attorney for the new management, as shown in the letter annexed to the motion for withdrawal. The letter also indicated a substitution of Arthur G. Logan, Esquire, of the Firm of Logan, Marvel, Boggs and Theisen, as counsel for Mesabi. The motion was granted June 19, 1958, and Logan and his Firm entered their appearance for Mesabi.

The petition for removal alleges that the substitution of counsel was in pursuance of the annual meeting of the stockholders of Mesabi on April 18 and 19, 1958. At said meeting, none of the former directors of Mesabi was re-elected except Hoffman and Mudd (and Mudd subsequently resigned). Six new directors including Arthur G. Logan and Isaac Putterman, one of the original plaintiffs, were elected to the eight-man Board of Directors of Mesabi.

The petition for removal contends that the claim against Reserve had always been a separate and independent claim or cause of action which would have been removable under 28 U.S.C. §

[1]. 28 U.S.C. § 1441(b).

[2]. 28 U.S.C. § 1446(b).

1441(c), except for the fact that Mesabi being a defendant and being incorporated in Delaware did not allow any part of the action to be removable.

The petition for removal contends that the action of Mesabi in changing its management and the substitution of Logan (counsel for Putterman et al., complainants) as counsel for Mesabi shows that Mesabi was not antagonistic to the claim of the plaintiffs and, therefore, should be listed as a complainant and not as a defendant and so Reserve contends that the matter became removable.

From the foregoing facts two questions were principally argued by counsel, viz.:

1. Should Mesabi be realigned as plaintiff instead of as a defendant in the action?

2. Is the claim of Mesabi against Reserve "a separate and independent claim or cause of action" as required by 28 U.S.C. § 1441(c), as set out in the footnote? [3]

As preliminary to those questions, however, I must first consider the removal itself and questions connected therewith which may involve the jurisdiction of this Court, for unless the jurisdiction is clearly established, any discussion of the questions might be justly liable to a charge as obiter.

Timeliness of removal has been termed not jurisdictional but "Modal and formal".[4] This may have been because the timeliness of removal might have been the subject of waiver by the parties or of estoppel. It must be kept in mind, however, that when the cited cases were decided and prior to 1948, proceedings for the removal of cases from a state court to a federal court were had in the first instance in such state court. No time for the removal was established by any Federal Statute but the time depended upon the stage of the case under the varying state procedures and, indeed, it has been said that the purpose of 28 U.S.C. § 1446(b) was to establish by federal law a uniform time when removal proceedings must be inaugurated.[5]

■ Cases since 1948 in considering the first paragraph of 28 U.S.C. § 1446 (b) have held that the time of removal emanating from an Act of Congress and requiring that action be taken at a specific time is "mandatory" on the parties and on the Courts. Its violation may not be the subject of agreement of the parties or the action of the Court.[6]

It is not necessary for me to further consider questions arising under the first paragraph of 28 U.S.C. § 1446(b) or whether, as to timeliness, there is any difference between a "jurisdictional" question and a "mandatory provision" since this case must be determined under the separate and distinct provisions of the second paragraph of the section.

As set forth above, the second paragraph of 28 U.S.C. § 1446(b) provides:

"If the case stated by the initial pleading is not removable, a petition for removal, may be filed within twenty days after receipt by the

3. "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

4. Powers v. Chesapeake & Ohio Ry. Co., 1898, 169 U.S. 92, 98, 18 S.Ct. 264, 42 L. Ed. 673; Rexford v. Brunswick-Balke, 1913, 228 U.S. 339, 345, 33 S.Ct. 515, 57 L.Ed. 864.

5. Cyclopedia of Federal Procedure, 3d Ed. (1951), Vol. 2, § 395, p. 328; Richlin Advertising Corp. v. Central Florida Broadcasting Co., D.C.1954, 122 F.Supp. 507, 509; Burns v. Standard Life Ins. Co., D.C.1955, 135 F.Supp. 904, 906.

6. Barron & Holtzoff Federal Practice and Procedure, Sec. 107 (1950); Green v. Zuck, D.C., 133 F.Supp. 436. So it has been held in this Court, Burns v. Standard Life Ins. Co., D.C.1955, 135 F.Supp. 904, 906.

defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The facts of this present case disclose circumstances which not only assume a position requiring "mandatory" action but impinge so closely upon jurisdictional features as to be indistinguishable therefrom.

From the facts as hereinbefore set out two questions immediately arise. The questions are jurisdictional and require the first attention of this Court.

(1) Was the motion for change of counsel and order thereon such matter "from which it may be ascertained that the case is one which is or has become removable" as stated in the Statute, and

(2) Is a motion of a defendant, and order thereon, including no action on the part of the plaintiff such a matter which converts a non-removable into a removable action and upon which a petition for removal may be predicated?

I am of the opinion that both questions must be answered in the negative.

1. Any discussion of the meaning of the second paragraph of 28 U.S.C. § 1446 (b) is made more difficult by the fact that it has received scant, if any, judicial consideration. As heretofore indicated prior to 1948 proceedings for the removal of cases from a State Court to a Federal Court were had in the first instance in such State Court. This was changed by the Act of June 25, 1948,[7] now found as 28 U.S.C. § 1446, whereby proceedings for removal were inaugurated in that Federal Court to which it was desired that the case should be removed and the time for such removal was particularly provided. Neither by the prior law nor in the cited Statute was there any statutory provision for the removal of a case which was not removable at the time of its inception but in which

the circumstance which prevented removal had itself been eliminated. Stemming from Powers v. Chesapeake & Ohio R. R. Co., 1897, 169 U.S. 92, 18 S.Ct. 264, Courts had uniformly held that a case might become removable where that feature which had originally prevented removability was itself eliminated even though the original time of removal had expired. Thus the second paragraph of 28 U.S.C. § 1446(b) came into being as a portion of the Act of May 24, 1949[8] and the Revisers have stated that it was "declaratory of the existing Rule as laid down by the decisions".[9]

■■ · I am of the opinion that the language of the Statute requires that the record of the Court from which removal is sought is the sole source from which to ascertain whether a case originally not removable has become removable. This is not to be confused with cases of removal generally under the first paragraph of Sec. 1446(b). With reference to that paragraph some cases have held that the record of the State Court may be augmented by the petition for removal. See, however, Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205. With particular reference to how a case formerly not removable may become removable, the Statute expressly states the sources from which the defendant may ascertain such facts. Surely the language of the Statute "copy of an amended pleading, motion [or] order" must refer to a pleading, motion or order in the case then pending and which would appear in the record. I cannot think that the phrase "or other paper" is intended to override the expressed sources and refer to any extraneous paper but means some other paper appearing in the record of the Court which might not fall within the express language used. The quoted words fall strictly within the rule or doctrine of Noscitur a Sociis.

■ If the foregoing be correct, then it must result that the mere motion of

7.  62 Stat. 939.

8.  63 Stat. 101.

9.  U.S. Code Congressional Service, 1949, Vol. 2, p. 1268.

Mesabi for the withdrawal of their counsel and the substitution of another and the order thereon must be the only source from which the defendant might ascertain that this case had become a removable one. This, I think, is not sufficient and did not operate to extend the time of removal as prescribed by the first paragraph of the Statute.

■ 2. An equally effective answer must be given to the second question. Where an action as originally brought in a State Court was not removable to a Federal Court but certain circumstances have changed and the action has become removable, the cases have uniformly held that, in order to become removable, such change of circumstances must have been brought about by the voluntary act of the plaintiff.[10] Thus, where an amended pleading of the plaintiff had removed a party whose presence prevented removal or a voluntary non-suit or discontinuance as to such party was had, the Courts have held that the case had become removable.[11] It is uniformly otherwise where the non-suit or dismissal was involuntary on the part of the plaintiff [12] and it has been held that a verdict rendered in favor of a resident defendant does not make the case removable by a co-defendant.[13]

■ In the present case no actions of the plaintiffs are suggested as serving to eliminate a defendant whose presence prevented removal. It was the motion of the resident defendant, itself, for change of counsel, that is sought by the co-defendant to constitute the ground of removal. When Mesabi, a corporate citizen of Delaware, made its motion for change of counsel, it was and remained as a defendant and had actively participated as such by an undetermined motion for summary judgment. I cannot agree that Reserve, a co-defendant, can use that motion of Mesabi's for change of counsel as a ground of realignment of Mesabi as a plaintiff and then use the same motions as a plaintiff's voluntary act of elimination of a party whose presence prevented removal.

I am of the opinion that a remand of the case to the Delaware Court is required.

■■ The procedure for removal of a case from a State Court to a Federal Court is purely of statutory origin and can only be exercised when the matter comes clearly within the provisions of the Statute. When the Statute has been strictly complied with, there is real substance to the right of removal. A Federal Court, however, while careful to preserve its own jurisdiction in a case that is removable, should exercise the same care to protect the jurisdiction of the State Court in a case that is not removable.[14] It has very frequently been held that in a doubtful case or where the right of removal is questionable the District Court should decline jurisdiction and remand the case. So it has been held in this District.[15]

An appropriate order remanding the case to the Court of Chancery of the State of Delaware may be presented.

10. Anno-Removability of Suit to a Federal Court, 85 A.L.R. 799; Stamm v. American Telephone & Telegraph Company, D.C.1955, 129 F.Supp. 719, 721.

11. See cases collected in Anno-Removability of Suit to Federal Court, 85 A.L.R. at page 799.

12. See cases collected in Anno.—Removability of Suit to Federal Court, 85 A.L.R. at page 800; Eliscu v. Paramount Pictures, D.C.1947, 73 F.Supp. 881, 883.

13. See cases collected in Annotation 85 A.L.R. at pages 802 and 803; Baum v. Wood Conversion Co., D.C.1948, 78 F. Supp. 190, 191.

14. Morris v. E. I. DuPont etc. Co., 8 Cir., 68 F.2d 788, 793.

15. Winsor v. United Air Lines, D.C., 159 F.Supp. 856, 860.