## WAKELEE v. DAVIS.

*(Circuit Court, S. D. New York. January 7, 1891.)*

**1. EQUITY JURISDICTION—INJUNCTION—ESTOPPEL.**
   One who is about to sue on a judgment which is void for want of proper service is entitled to a decree enjoining the judgment debtor from setting up its invalidity, when it appears that the latter, while obtaining a discharge in bankruptcy, secured substantial benefits by contending that the judgment was valid, and would not be bound by his discharge.

**2. SAME—REMEDY AT LAW.**
   Injunction will not issue to restrain the debtor from relying upon his discharge in bankruptcy, because, if he pleads such discharge, complainant can then avail herself of the facts constituting the estoppel.

**3. STARE DECISIS—LAW OF THE CASE.**
   A decision on demurrer is the law of the case until a different rule is laid down by the supreme court, although such decision was rendered by another judge than the one trying the case finally.

Final Hearing in Equity.
*Anson Maltby*, for complainant.
*Henry A. Root* and *Thaddeus D. Kenneson*, for defendant.

Coxe, J. This bill is filed in aid of an action at law, which the complainant alleges she is about to commence, upon a judgment recovered against the defendant in a state court of California on the 18th of November, 1873. Under the decision of the supreme court in *Pennoyer* v. *Neff*, 95 U. S. 714, this judgment was void, the summons having been served by publication only, in an action *in personam*. On the 6th of March, 1877, the defendant obtained a discharge in bankruptcy from the United States court for the district of California, he having been adjudged a bankrupt by said court September 30, 1869. This discharge, if there were no estoppel, would be a bar to the debt represented by the judgment. *Boynton* v. *Ball*, 121 U. S. 457, 7 Sup. Ct. Rep. 981.

The complainant contends that the defendant is estopped from denying the validity of the judgment and from relying upon the discharge as a defense, because in 1876, in the bankruptcy court, he obtained substantial benefits by contending that the judgment was valid and would not be barred by a discharge. The complainant insists that he should be held to the same position now, and prays for an injunction restrain-

ing him from asserting the invalidity of the judgment and from relying upon his discharge as a defense thereto. The cause has been twice before this court upon demurrer. 37 Fed. Rep. 280; 38 Fed. Rep. 878. The facts sufficiently appear in these decisions, and need not be stated again. On the last demurrer the present bill was sustained. The court there decided the following propositions: *First.* That the bill stated a cause of equitable cognizance. *Second.* That, having affirmed the validity of the judgment in the proceedings in bankruptcy, the defendant is now estopped to impeach it. *Third,* that if the defendant pleads his discharge in the action at law about to be commenced, the plaintiff can avail herself of the facts constituting the estoppel, and, upon this branch of the case, is not in need of the assistance of a court of equity. The propositions of law presented are the same now as on demurrer. Some testimony has been taken *pro* and *con,* but, upon all important questions, it is substantially conceded that the legal aspects of the cause remain unchanged. It is true that in deciding the issues presented by the demurrer the court spoke through another judge, but the law there enunciated is not merely the individual opinion of the judge who presided; it is the law of this court, to be followed, upon similar facts, until a different rule is laid down by the supreme court. A re-examination and discussion of the question involved is, therefore, unnecessary, for the reason that the court is constrained to follow its former decision. It follows that the complainant is entitled to a decree for an injunction restraining the defendant from asserting that the judgment of November 18, 1873, is not valid and does not still stand of record. The complainant is entitled to costs.