**FARMERS' LOAN & TRUST CO. v. MILLER, as Alien Property Custodian, et al.**

(District Court, S. D. New York. May 22, 1924.)

1. **Courts ⊜99(1)—Ruling by another District Judge in same cause accepted without further consideration.**

    A District Judge will accept without further consideration any ruling of another District Judge made in the same cause.

2. **Courts ⊜347—Denials held insufficient.**

    Neither a denial of any knowledge "with respect to the ownership" of the res referred to in the petition, nor a denial of all the allegations of a named article of the petition, except as they "are not statements of law." is good under equity rule 30.

3. **War ⊜12—In action to recover securities seized by Alien Property Custodian, answer held not to put relevant allegations in issue.**

    In suit by trustee to recover securities seized by Alien Property Custodian during war, answer *held* to put in issue no relevant allegations of bill.

In Equity. Suit by the Farmers' Loan & Trust Company against Thomas W. Miller, as Alien Property Custodian, and another. On plaintiff's motion for an interlocutory decree on defendants' answer. Answer stricken out as irrelevant, with leave to plead over.

George S. Mittendorf, of New York City, for the motion.
Dean H. Stanley, of Washington, D. C., opposed.

LEARNED HAND, District Judge. This is a suit under section 9 of the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e) to recover certain securities seized by the Alien Property Custodian during the war. The plaintiff was appointed trustee under a declaration of trust executed December 17, 1913, declaring that it should stand as trustee of such securities as were from time to time deposited with it for the payment of the settlor's insurance risks in the United States. The instrument was executed in compliance

with the laws of the state of New York. The plaintiff was to pay any losses out of the securities and to return the remainder to the settlor on certificate of the proper authorities after deduction of its charges. The seizure was made because the settlor was a German insurance company, and the petition was filed on the theory that the plaintiff, not being an alien enemy, and being vested with a title as yet undefeated, was entitled to possession.

[1] The defendants moved before Judge Goddard to dismiss the petition, and failed; the learned judge holding that the petition stated a good cause of suit and directing the defendants to answer. This they did, and this motion comes up on the theory that the answer raises no issues. It must be disposed of on the assumption that the decision on the first motion is the law of the case. It has been the general practice of this court, and my own invariable practice, to accept without further consideration any ruling of another judge made in the same cause. The reasons are too obvious to require statement.

[2] Only two issues can be said to be raised by the answer: First, it denies any knowledge "with respect to the ownership" of the res, as alleged in the fifth article of the petition; second, it denies all the allegations of the eighth article of the petition, except as they "are not statements of law." Neither denial is good under equity rule 30, but I pass that point.

[3] The petition is itself wholly inartificial. The plaintiff's title really depends on the execution of the declaration and the delivery of the res under it. The petition contains neither allegation, but merely allegations as to what "belongs" to the plaintiff and what it is "entitled to," neither of which is an allegation of fact. However, since the petition has been held good, I shall assume that by implication, especially as the declaration of trust is annexed, though without a syllable as to its execution, the petition does allege delivery of the res and factum of the declaration. That made a case of legal title, and the denial "with respect to ownership" in the answer accomplished nothing. I do not suppose that the defendants in fact wish to put either fact in issue. If they do, though it is wholly irregular, they may deny either or both. The cause may then go to trial as if the petition had in fact alleged what is so denied, and the plaintiff will have the burden of proof. I am sorry to leave open a possibility so repellant to any sound pleading, but I know of no other way by which the defendants can deny what is nowhere alleged. Whatever may be thought of this result, certainly the present form of the answer cannot be supposed to mean that the pleader's purpose is to take issue with either of the allegations I have suggested. As it stands it is nothing, even if the petition is likewise nothing.

The other denial is of an irrelevant allegation of the petition. It requires a little more analysis. By the supposititious delivery of the res and execution of the declaration, legal title vested in the plaintiff, and with it the right to possession. That title lasts until it is terminated. Its termination was provided for by the seventh article of the declaration itself, which imposed a condition subsequent upon the plaintiff's rights. But that was matter of defense, like any other condition subsequent; it should be set up in the answer.

However, the plaintiff might, by "jumping before it reached the stile," invite the issue, and, if the allegations of the eighth article of the petition did so, I should ignore the departure. They do not; on the contrary, they quite needlessly allege the wholly irrelevant fact that there are still beneficiaries of the trust in existence. Since the plaintiff's legal title, as determined by the declaration, was not subject to defeasance, if there were no beneficiaries of the trust, but only if the proper authorities gave their certificate, the issue is irrelevant. The plaintiff still remains the legal owner, and is thereby entitled to possession.

If it be thought that this is too narrow a view to take, the same result follows looking at the equity of the situation. The defendants are by forcible substitution successors of the settlor. At least I suppose I must again so assume, although not a word appears as to what rights the Alien Property Custodian captured. I know nothing except that under some entirely undescribed decree of this court the Custodian got the securities. The settlor may be thought to have had more than a reversion; it may be thought to have been also a beneficiary. Further, it may be argued that, if the purposes of the trust are at an end and the trust has become "dry," equity should ignore the formal obstacle of a legal title which the settlor could immediately divest by decree of a court of equity.

But the declaration imposed as a condition upon the termination of the trust, not the payment of the risks, but the certificates of the superintendent of insurance of New York and of all other like officials elsewhere. A court of equity is as much bound to observe that condition as a court of law would be. Until, as provided in article VII of the declaration, the defendants gave notice to the plaintiff of a desire to terminate, and after 90 days thereafter procured the necessary certificates, the trust continued, and the plaintiff was entitled to possession. It does not follow that the officials must necessarily give such a certificate, even if there were no outstanding risks. They might properly demand proof, which it was, for a time anyway, impossible to procure. Hence the issue raised is irrelevant in equity as well as at law.

The question whether under equity rule 33 a decree may pass when the answer puts at issue no relevant allegation of the bill is not altogether clear. On its face the rule appears to be confined to affirmative defenses, but a plaintiff ought certainly to have a decree when the answer denies nothing on which his relief depends. The question must be open in some way to avoid a trial when there is nothing to try. However, I can find no decision on that point.

The answer will be stricken out as irrelevant, with leave to plead over within 20 days after the order on this motion is filed. If the defendants do not replead, the plaintiff may take an interlocutory decree pro confesso for an accounting for the property mentioned in the petition. The accounting will be before Hon. Harrington Putnam.