## AACHEN & MUNICH FIRE INS. CO. v. GUARANTY TRUST CO. OF NEW YORK.

District Court, S. D. New York.   September 19, 1927.

**1. Courts ⊜99(1)—Ruling of one judge becomes law of case in that court.**

Ruling made by one judge becomes law of case in that court.

**2. Banks and banking ⊜188½—Contract to remit money to Germany by wireless held breached, where remittance was not made within ten days.**

Contract to make remittance to Germany by wireless within reasonable time *held* breached where remittance was not made within ten days.

At Law.  Action by the Aachen & Munich Fire Insurance Company against the Guaranty Trust Company of New York. Trial to court.  Judgment for defendant.

See, also, 56 App. D. C. 314, 13 F.(2d) 286.

Hartwell Cabell, of New York City, for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (William C. Cannon, Theodore Kiendl, and David E. Hudson, all of New York City, of counsel), for defendant.

THACHER, District Judge.   [1] On motion for summary judgment in this case Judge Winslow decided that the action is one which, except for the provisions of sections 27 and 28 of the Civil Practice Act,

would have been barred under section 48 of that act six years after it accrued; that the action accrued on March 26, 1917, or within a reasonable time thereafter, that section 27 is limited by section 28 of the Civil Practice Act, and that, if the action accrued on March 26, 1917, or at any time before war commenced on April 6, 1917, the action is barred by statute.  24 F.(2d) 463.  In this court Judge Winslow's decision must be accepted implicitly, without comment or further inquiry, as the law of this case.  Farmers' Loan & Trust Co. v. Miller (D. C.) 298 F. 758; Meeker v. Lehigh Valley R. Co. (C. C.) 175 F. 320;  Hadden v. Natchaug Silk Co. (C. C.) 84 F. 80;  Wakelee v. Davis (C. C.) 44 F. 532.

[2] The only question left open by Judge Winslow's decision is: Assuming the contract to remit marks by wireless on March 26, 1917, not to have been broken until a reasonable time after that date, did the breach occur before commencement of war on April 6, 1917?  A reasonable time within which to execute the transfer of credit certainly expired before war commenced.  To require ten days for the transfer of credit by wireless would be quite unreasonable, and plaintiff's counsel does not even argue the point.  I am therefore constrained by the law of the case to sustain the statutory bar as a defense to the action.

The parties may within ten days propose findings, which should be simple and few in number.