### In re HINES et al.
### No. 275.

Circuit Court of Appeals, Second Circuit.
March 1, 1937.

James G. Moore, of New York City (Albert H. Ruppar, of New York City, of counsel), for appellant.

S. Howard Sundell, of New York City (Maurice Finkelstein, Henry Weiner, Louis Glickhouse, and Arthur Rosenberg, all of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Bankruptcy was adjudicated in September, 1932. Thereafter the trustee in bankruptcy entered into possession of an apartment house formerly owned by the bankrupts and collected the rents thereof. This property is subject to a mortgage made by Aldorf Realty Corporation to Title Guarantee & Trust Company (hereafter called the mortgagee) securing a bond for $100,-000. The mortgagee had sold undivided shares, evidenced by participation certificates, in the bond and mortgage, payment of which was guaranteed to the certificate holders by Bond & Mortgage Guarantee Company. Pursuant to chapter 19 of the Laws of 1935, the Mortgage Commission of the State of New York has succeeded to the property and business of Bond & Mortgage Guarantee Company. Claiming the right to enforce the terms of the bond and. mortgage, the Mortgage Commission, on October 21, 1935, petitioned the bankruptcy court to grant leave to it and the mortgagee to commence a foreclosure action in the state court against the bankrupts and their trustee in bankruptcy and to apply in said action for the appointment of a receiver of the rents and profits of the mortgaged premises. The petition alleged defaults in the payment of interest by reason of which the petitioner had elected to declare due the principal of the bond and mortgage pursuant to the terms thereof. The trustee in bankruptcy set up in defense that he had made an agreement with the mortgagee by which the latter agreed to waive all defaults existing when the trustee took possession of the property, apparently in December, 1933, and the trustee agreed to pay future accruing interest, to pay up back taxes, and to make substantial expenditures in putting the building in better condition for renting; that he had performed his part of the agreement, had paid interest from December, 1933, to May, 1935, and was ready to continue to pay interest if the petitioner would retract its threatened repudiation of the validity of the agreement. The issues of fact raised by this defense were referred by Judge Inch to a special master, before whom hearings were closed on June 24, 1936. On August 19th, and before the special master had filed his report on the reference ordered by Judge Inch, the Mortgage Commission moved before another district judge for an order granting leave to foreclose the mortgage and directing the trustee to pay the interest in arrears. The trustee answered, setting up the same defense interposed to the prior petition and the pendency of the prior reference. Upon petition and answer and without taking evidence, Judge Abruzzo granted the petitioner's motion.

The appellee concedes that the order cannot be sustained in its entirety. So much of it as directs the trustee to pay the Mortgage Commission a sum equal to the interest due for the period from June 1, 1935, to the date when the trustee shall surrender possession of the premises to the Mortgage Commission or to a receiver appointed in its foreclosure action is obviously wrong in starting the period prior to the taking of any steps by the mortgagee to assert a claim to possession of the premises or the rents thereof. In re Humeston, 83 F.(2d) 187 (C.C.A.2); Prudential Ins.

Co. v. Liberdar Holding Corporation, 74 F. (2d) 50 (C.C.A.2); Sullivan v. Rosson, 223 N.Y. 217, 119 N.E. 405, 4 A.L.R. 1400. It is now admitted that the mortgagee has no right to rents collected by the trustee prior to October 21, 1935, when the Mortgage Commission made its first application for leave to foreclose. It would seem that an application for leave to foreclose and to obtain the appointment of a foreclosure receiver is equivalent to a request for possession and for sequestration of the rents for the mortgagee's benefit. A dictum to that effect appears in Mortgage Loan Co. v. Livingston, 45 F.(2d) 28, 32 (C.C.A.8). But we cannot decide on this record that the mortgagee is entitled to be paid interest out of the rents collected after October 21, 1935. There is nothing to show the terms of the mortgage with respect to rents, nor whether the property is adequate security for the mortgage debt. Moreover, the issue of sequestering rents for the benefit of the mortgagee was so closely associated with the issue of foreclosure, which was pending before the special master on the reference order by Judge Inch, that both should be decided together.

■■ We can see no justification whatever for the Mortgage Commission's second application for leave to foreclose while its former application remained undecided. It is true that the second petition asserts additional defaults in the payment of interest accruing after October 21, 1935. But the trustee alleged that he had withheld payment of such interest only because the petitioner had repudiated or threatened to repudiate the mortgagee's agreement with the trustee, and the trustee asserted his willingness and ability to pay the overdue interest as soon as the validity of the agreement should be adjudicated. If the agreement was a valid waiver of defaults existing when the trustee took possession of the property and if he has faithfully performed his obligations under it until the dispute arose and is ready and able to resume and continue performance, no right to foreclose will exist. Hearings on these issues had been had. Apparently becoming impatient because no decision had been rendered, the Mortgage Commission presented its second petition. This was not the proper procedure. If it thought that the master was unduly delaying his report, although less than sixty days had elapsed since the hearings before him were closed, it could have taken appropriate means to accelerate his action. But to

submit the same controversy to a different district judge was wholly unwarranted. It is well established that a judge may not overrule the decision of another judge of co-ordinate jurisdiction made in the same case. The law enunciated by the first judge is not merely his individual opinion; it is the law of the District Court, to be followed, upon similar facts, until a different rule is laid down by a court of superior jurisdiction. Wakelee v. Davis, 44 F. 532 (C.C.S.D.N.Y.); Farmers' Loan & Trust Co. v. Miller, 298 F. 758 (D.C.S.D.N.Y.); Aachen & Munich Fire Ins. Co. v. Guaranty Trust Co., 24 F.(2d) 465 (D.C.S.D.N. Y.); Commercial Union of America v. Anglo-South American Bank (C.C.A.2) 10 F.(2d) 937; Plattner Implement Co. v. International Harvester Co., 133 F. 376 (C. C.A.8). Such a rule is essential to an orderly and seemly administration of justice in a court composed of several judges. It is equally applicable when an issue has been submitted to the first judge and has not yet been decided by him. To permit another judge to rush in and snatch decision from his mouth is not to be tolerated; it is a breach of comity which, if sanctioned, could only lead to unseemly conflicts of decision and to protracting the litigation.

The order is reversed.