## AMERICAN HOTELS CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.
### No. 138.

Circuit Court of Appeals, Second Circuit.
March 6, 1943.

did not know how far it would go; it was ready to pay anything from $4,200 up to an undetermined maximum. In fact, in 1938, it agreed to pay $25,000. But, as there was no expression in 1937 of a willingness unconditionally to pay any definite amount, we cannot say that the Tax Court was not justified in finding that no expense was then incurred.

The order of the Tax Court is affirmed.

Henry A. Mulcahy, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and Carolyn E. Agger, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

We assume, arguendo and without so deciding, that the taxpayer was liable to Metropolitan for the $25,000 which it paid to Metropolitan in 1938, and that, even if there was no liability, that amount was one of "the ordinary and necessary expenses * * * incurred" by the taxpayer within the meaning of 26 U.S.C.A. Int.Rev.Code § 23. For, even if we do so assume, still the taxpayer cannot win.

Under 26 U.S.C.A.Int.Rev. Code, § 43, when, as here, the taxpayer keeps its books on an accrual basis, such a deduction can be taken only for the taxable year in which the expense was "incurred." That means that there must be some reasonably clear definitization, within that year, of the amount of the expenses. Whether or not there was, depends upon the peculiar facts of each particular case. We think that here there was substantial evidence to sustain the finding of the Tax Court that there was no such definitization in the taxable year 1937.

In that year the taxpayer offered to pay $4,200. Had it then said unconditionally that it would pay that sum, leaving open for further negotiations any greater liability, perhaps it could have deducted $4,200 for 1937. But that it did not do; it offered that amount only on condition that it be released in full. The amount claimed by Metropolitan was $42,000, and the taxpayer, although it did not so advise Metropolitan, was then prepared to go even beyond that limit; but taxpayer, in 1937,

