## BAUM et al. v. WOOD CONVERSION CO. et al.

### Nos. 5070–5079.

District Court, W. D. Missouri, W. D.

April 29, 1948.

Hogsett, Trippe, Depping & Houts, of Kansas City, Mo., for plaintiff.

Stinson, Mag, Thomson, McEvers & Fizzell, Dick H. Woods and Albert Thomson, all of Kansas City, Mo., for defendants.

REEVES, District Judge.

Each of the plaintiffs in the above entitled causes has filed a motion to remand. The corporate non-resident defendant in each case heretofore removed some of the cases upon the identical grounds stated in the removal petitions in these cases. Upon a hearing and after consideration by one of my associates, Honorable Richard M. Duncan, the cases were remanded to the state court from which removed. Thereafter a companion case was tried in a state court, and at the conclusion of the plaintiff's evidence the trial judge sustained a demurrer on behalf of one of the resident defendants. Approximately at the same time the plaintiff voluntarily dismissed as to the other resident defendant. Thereupon the non-resident corporate defendant filed its petition for removal in each of these, the untried cases, including those heretofore remanded by Judge Duncan.

In the new petition for removal the averments of fraudulent joinder were supplemented with a detailed statement of the mentioned action taken by the trial judge in a companion case. It was also stated that, as to the other resident defendant, the plaintiff had voluntarily dismissed as to him.

While sundry grounds are alleged in the motions to remand, it is always the duty of the United States Court to inquire con-

cerning its jurisdiction. Accordingly, the pleadings and briefs of the parties have been examined so that it might be ascertained whether the court has jurisdiction of the several cases.

1. The petitions for removal contain averments that the resident defendants were "fraudulently and improperly joined," and that the resident defendant, "Clarence W. Muff had nothing whatsoever to do" with the claimed negligence causing the alleged damages to the plaintiffs. As to the resident defendant, George H. Pickerill, counsel for the moving defendant detailed the proceeding in the state court trial in a companion case wherein the trial judge held that no liability was established as to said defendant. The non-resident defendant treated these averments as sufficient to comply with the rule in the cases of alleged fraudulent joinder. Such averments, however were and are inadequate.

In Chesapeake & Ohio Ry. v. Cockrell, 232 U.S. 146, loc. cit. 152, 34 S.Ct. 278, 280, 58 L.Ed. 544, the Supreme Court said: "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as *compels* the conclusion that the joinder is without right and *made in bad faith,* * * *." (Italics mine.) This ruling was followed by this circuit in Polito v. Molasky, 8 Cir., 123 F.2d 258, loc. cit. 260.

As to one of the resident defendants, the removal petition says no more than that the averments concerning his relation to the alleged damages were untrue. And, as to the other defendant, the pleader rests the right of removal upon a detailed statement of the proceedings in the state court wherein, as stated, the defendant was acquitted of negligence and liability.

2. It is the contention of counsel for the non-resident defendant that the discharge of the defendant Pickerill in a state court was ipso facto conclusive evidence of fraudulent joinder.

In Orr v. Shell Oil Co., 352 Mo. 288, 177 S.W.2d 608, loc. cit. 298, 299, the Supreme Court of Missouri epitomized the federal rule as follows: "The elimination of the party defendant, whose presence prevents removal, by a ruling on the merits adverse to the plaintiff and without his assent, does not make the case a removable one."

This accords with the uniform holdings of the federal court as well as the rule announced by the text writers. Moreover, the rule is that a dismissal as to the resident defendant only applies to the case on trial in the state court and would not apply to other cases where no such action had been taken. The adverse ruling was not made in the cases now being considered.

3. Several of the above cases were heretofore removed, as stated, to this court, and, after hearing, they were remanded by one of my associates. This is binding upon the judges of the court as such ruling becomes the law of the cases in the district court.

In the case of Aachen & Munich Fire Ins. Co. v. Guaranty Trust Co., D.C., 24 F.2d 465, Judge Thacher of the Southern District of New York announced the rule which is universal, although made applicable in that case only to the district where Judge Thacher was sitting: "In this court Judge Winslow's decision must be accepted implicitly, without comment or further inquiry, as the law of this case."

Judge Thacher cited a number of cases in support of his ruling. Judge Winslow was one of his associates in the district.

In Farmers' Loan & Trust Co. v. Miller, D.C., 298 F. 758, 759, Judge Learned Hand, then of the Southern District of New York (now one of the circuit judges of the second circuit), said: "It has been the general practice of this court, and my own invariable practice, to accept without further consideration any ruling of another judge made in the same cause. The reasons are too obvious to require statement."

Judge Woolsey of the Southern District of New York, in Brusselback v. Cago Corporation, 24 F.Supp. 524. loc. cit. 531, said: "I agree with Judge Patterson's decision in Todd v. Russell, D. C., 1 F.Supp. 788, 789, 790. *I might add that as he is one of my colleagues in this court, proper judicial comity would require me to follow*

*his ruling, even if I did not agree with it."* (Italics mine).

Circuit Judge Mack, sitting in the district court, Southern District of New York, in Marine Midland Trust Co. of New York v. Irving Trust Co., 56 F.2d 385, loc. cit. 387, said: "* * * I account it my duty in an ancillary proceeding such as this to follow Judge Woolsey's decision."

Other cases are to the same effect.

For all the reasons above stated, this court is without jurisdiction, and the several cases should be and will be remanded to the state court from which removed.