**CUBA RAILROAD COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

United States District Court
S. D. New York.

Nov. 18, 1955.

Kramer, Marx, Greenlee, Backus & MacMahon, New York City, for plaintiff. Richard S. Greenlee, John J. Hayes, New York City, of counsel.

Paul Williams, U. S. Atty. for Southern District of New York, New York City, for defendant. Maurice N. Nessen, Asst. U. S. Atty., New York City, of counsel.

DAWSON, District Judge.

The plaintiff has moved for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A., seeking a dismissal of the defendant's affirmative defense.

This is an action for refund of corporate income and excess profits taxes in connection with the tax return filed by the plaintiff covering the fiscal year ended June 30, 1943. The complaint alleges that in 1950, the plaintiff paid certain income and excess profits taxes to the Cuban Government, and seeks credit for said payments in connection with the United States tax return filed by the plaintiff for the fiscal year ended June 30, 1943 and a refund as a result thereof.

In 1954, a motion and cross-motion for summary judgment came on before Judge Noonan, and on July 14, 1954, he handed down his opinion, 124 F.Supp. 182, directing summary judgment for the plaintiff, subject to the pleading by defendant of the set-off of any claim which it might have against the plaintiff. An order to that effect was entered by Judge Noonan on August 11, 1954. Thereafter, an answer was filed by the defendant pleading a set-off of $51,062.17.

The decision of Judge Noonan constitutes the law of the case insofar as the original claim of the plaintiff is concerned. My consideration must, therefore, be limited to the legal validity and effect of the set-off asserted in defendant's answer.

It appears from the affirmative defense asserted in the answer (and the facts are not in dispute) that in the

examination of plaintiff's tax return for the year ending June 30, 1943, the Revenue Agent proposed two changes. These changes were (1) the disallowance of contingent bond interest expense deduction in the amount of $181,904.34 and (2) the inclusion in taxpayer's income of $300,227.42 profit from the purchase of its own bonds.

Thereafter, a settlement was arrived at between the government and the taxpayer in which the taxpayer conceded that the alleged profit from the purchase of its own bonds was to be included as income in its return, and in which the government conceded that $150,041.-64 of the contingent interest deduction was to be included as an expense item. The amount of $150,041.64 represented so much of the contingent interest, which had been taken as a deduction in 1943, as had actually been paid by the plaintiff to its bondholders from the period 1943 up to and including the fiscal year ended June 30, 1948. Based upon this settlement agreement, the plaintiff executed Treasury Department Form 870–TS and paid to the defendant the sum of $102,173.39 as additional taxes, together with interest.

Subsequently, and in 1950, the plaintiff paid to the Cuban Government the sum of $53,937.83 representing income taxes and excess profits taxes assessed against it by the Cuban Government for the year 1943. It was the contention of the plaintiff that these taxes should be permitted as a deduction with respect to its federal tax return covering the fiscal year ended June 30, 1943 and that it was, therefore, entitled to a refund; and on this issue, Judge Noonan decided in favor of the plaintiff.

In its affirmative defense and proposed set-off, the government now contends that the item of $150,041.64 representing the contingent interest, and which had been allowed to the taxpayer on the settlement, never should have been allowed and seeks to exclude this amount from proper expense deductions for the year 1943. The government contends that if the settlement agreement, Form 870–TS, is not binding upon the plaintiff, as was indicated by Judge Noonan, it is not binding upon the government either, and that, therefore, the government may reopen this question of this expense deduction. The plaintiff disputes the right of the government to re-open this particular issue on the ground that this particular issue was determined by the settlement.

I had first concluded that, as a matter of law, the set-off asserted by the government in its answer was without legal foundation on the ground that the plaintiff was entitled to claim as an accrued interest deduction in 1943 the full amount of interest payable under the terms of the indenture, and I so decided in a memorandum dated June 8, 1955. Thereafter, a motion was made for reargument in which the government urged that it would have been improper for the plaintiff to have taken as a tax deduction in 1943 the additional interest accrued on the bonds in that year on the ground that the taxpayer was at the time contesting liability for such interest and was offering to pay interest only to bondholders who deposited their bonds under a plan of refunding; and that the amount claimed as a deduction was the amount of interest which would have been paid if all of the bondholders had so deposited their bonds. This point was not made by the government on the original argument of the motion. I determined that the point was a good one and I therefore withdrew my previous memorandum opinion. See Dixie Pine Products Co. v. Commissioner, 1944, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 420; American Hotels Corp. v. Commissioner, 2 Cir., 1943, 134 F.2d 817.

This therefore leaves the question as to whether the government may at this time assert a set-off against taxpayer's claim for refund on the ground that the deduction allowed to the taxpayer in 1943 on the settlement never should have been allowed.

The plaintiff's reply asserts that the settlement agreement Form 870–

TS constitutes an accord and satisfaction as to the issues comprehended within it and has made this motion for summary judgment on this basis. However, the execution of this Form did not constitute an account stated since the agreement was not a final settlement. To be a final settlement and thereby binding as such on the government, the settlement would have had to have been approved by the Commissioner or his designate and approved by the Secretary or the Under Secretary or Assistant Secretary of the Treasury in accordance with the statute. Internal Revenue Code of 1939, § 3760, 26 U.S.C.A. § 3760; Botany Worsted Mills v. United States, 1929, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379; Bank of New York v. United States, 3 Cir., 1948, 170 F.2d 20; Gutkin, Informal Federal Tax Settlements and their Binding Effect, 4 Tax Law Review 477 (1949); Finality of Administrative Settlements in Tax Cases, 57 Harv.L. Rev. 912 (1944).

It might be that in this case the taxpayer could contend that even though the Form 870–TS is not an accord and satisfaction, nevertheless, the government is estopped to re-open the issues comprehended therein. Such estoppel, however, would be based upon facts other than the execution of this document.

The papers indicate that even if the taxpayer had not been entitled to the deduction of interest in the tax year 1943 when it was accrued, it could have deducted the interest in the succeeding tax years, from 1943 through 1948, when the bonds were deposited. Counsel for both parties have conceded that these tax years were open at the time of the informal settlement on May 4, 1949 and that the taxpayer could, if the settlement had not been approved, have filed amended returns for the preceding years and claimed in the aggregate the same deductions which it claimed in 1943 and which were allowed in that year by the informal settlement and which the government now contends should not have been allowed.

There is certainly a basis for an inference that the taxpayer, relying upon the informal settlement, failed to amend the tax returns for those years to claim deductions which it admittedly could have obtained in those years. The time to amend these returns has now expired.

For the government to seek now to re-open the informal settlement and, in effect, claim additional taxes for the year 1943, after lulling the taxpayer into a belief that it was unnecessary to amend its returns for the other years until it was too late for it to do so, might possibly raise the question, left open in the Botany Mills case, as to whether the government is now estopped from re-opening an issue which had been disposed of in the informal settlement. See Guggenheim v. United States, 1948, 77 F.Supp. 186, 111 Ct.Cl. 165, certiorari denied 1949, 335 U.S. 908, 69 S.Ct. 411, 93 L.Ed. 441; see also Maguire and Zimet, Hobson's Choice in Federal Taxation, 48 Harv.L.R. 1281, at p. 1299 (1935).

■ However, the pleadings now before the Court do not raise the issue of estoppel, nor is it possible for the Court to determine from the papers submitted on this motion whether there is a genuine issue as to any material fact in connection with such a contention. The Court has interrogated counsel on this point in accordance with Rule 56(d) of the Rules of Civil Procedure and has been unable to get a determination that material facts in connection with such a defense of estoppel exist without substantial controversy.

Under the circumstances, the motion for summary judgment is denied. So ordered.