See, also, 140 F.Supp. 909.

**BERTHA BUILDING CORPORATION,**
Plaintiff,

v.

**NATIONAL THEATRES CORPORA-
TION,** Defendant.

Civ. No. 12073.

United States District Court
E. D. New York.

Oct. 15, 1958.

Corcoran, Kostelanetz & Gladstone, New York City, for plaintiff, Nick C. Spanos, Los Angeles, Cal., Francis J. Mulderig, New York City, of counsel.

Royall, Koegel, Harris & Caskey, New York City, for defendant, Frederick W. R. Pride, John F. Caskey, Charles F. Young, New York City, of counsel.

---

1. See Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 77 S.Ct. 457, 1 L.Ed. 2d 511.

ZAVATT, District Judge.

This is a civil anti-trust action instituted in this Court by a California corporation upon an alleged cause of action, which, the plaintiff concedes, accrued in California no later than July 4, 1935. The complaint was not filed until September 5, 1951. The plaintiff pleaded the following statutes of limitations as being pertinent herein:

(1) Section 48 of the New York Civil Practice Act, providing:

"§ 48. *Actions to be commenced within six years.* The following actions must be commenced within six years after the cause of action has accrued:

\* \* \* \* \* \*

"2. An action to recover upon a liability created by statute, except a penalty or forfeiture."

(2) Section 19 of the New York Civil Practice Act, providing:

"§ 19. *Effect of defendant's absence from state or residence under false name.* If, when the cause of action accrues against a person, he is without the state, the action may be commenced, within the time limited therefor, after his coming into or return to the state. \* \* \* But this section does not apply in either of the following cases:

\* \* \* \* \* \*

"2. While a foreign corporation has had or shall have one or more officers or other persons in the state on whom a summons for such corporation may be served."

(3) Section 13 of the New York Civil Practice Act, providing:

"§ 13. *Limitation where cause of action arises outside of the state.* Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon the cause of action, \* \* \*."

(4) Paragraphs 335 and 338 of the West's Ann.Code of Civil Procedure of the State of California, providing, as set forth in the complaint:

"Paragraph 335. Periods of Limitation Prescribed: The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows:

\* \* \* \* \* \*

"Paragraph 338. (Within Three Years). Within three (3) years: 1. An action upon a liability created by statute, other than a penalty or forfeiture."

(5) Paragraph 351 of the West's Ann. Code of Civil Procedure of the State of California, providing, as set forth in the complaint:

"Paragraph 351. Exception, where Defendant Is Out Of The State. If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the time herein limited, after his return to the state and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

The plaintiff alleged that the defendant was not amenable to suit in California since the accrual of the cause of action, and that the defendant was without the State of New York at all times since the accrual of the cause of action, and, prior to December 16, 1949, did not have one or more officers within the State of New York, nor did it designate a resident of the State of New York upon whom a summons may have been served. The complaint further alleged that on or about July 20, 1938, the United States of America filed a petition in equity under the anti-trust laws of the United States in the United States District Court for the Southern District of New York (hereafter referred to as the Paramount action) against the defendant and others to enjoin and restrain the acts complained of in the instant action. Unit-

ed States v. Paramount Pictures, 85 F. Supp. 881. It was alleged that the Paramount action was still pending against the defendant at the time of the filing of the complaint in the instant action, and that the running of the statute of limitations in respect of the instant cause of action was suspended during the pendency of the Paramount action by virtue of Title 15, United States Code, Section 16, which provided at the time of the filing of the complaint:

"* * * Whenever any suit or proceeding in equity or criminal prosecution is instituted by the United States to prevent, restrain or punish violations of any of the antitrust laws, the running of the statute of limitations in respect of each and every private right of action arising under said laws and based in whole or in part on any matter complained of in said suit or proceeding shall be suspended during the pendency thereof."

The defendant's answer set up the following as affirmative defenses:

"*Third Separate and Affirmative Defense*

"Plaintiff's claim, if any, is barred by Section 13 of the New York Civil Practice Act and the statutes of limitations of the State of California.

"*Fourth Separate and Affirmative Defense*

"Plaintiff's claim, if any, is barred by Sections 48 and 49 of the New York Civil Practice Act."

Section 49 of the New York Civil Practice Act provides:

"§ 49. *Actions to be commenced within three years.* The following actions must be commenced within three years after the cause of action has accrued:

* * * * * *

"3. An action upon a statute for a penalty or forfeiture where the action is given to the person aggrieved or to that person and the people of the state, except where the statute imposing it prescribes a different limitation."

At this point it may be noted that the defendant pleaded in effect, that this action, having accrued no later than July 4, 1935 and having been commenced on September 5, 1951, was barred both under the California three-year statute of limitations and the New York three-year and six-year statutes of limitations. The plaintiff, on the other hand, contended that the California statute was tolled by reason of the claimed fact that the defendant was not amenable to suit therein and that the New York six-year statute, allegedly applicable herein, was tolled by reason of the defendant not having been amenable to suit in New York prior to December 16, 1949.

On the day this action was commenced a civil anti-trust action was instituted against this same defendant by Gumbiner Theatrical Enterprises, Inc. (Civil Number 12074 in this Court). The Gumbiner cause of action, which arose in California no later than December 8, 1931, was grounded upon the same acts of the defendant and others which are set forth in the instant complaint and the pleadings in Gumbiner raised the same issues respecting the statutes of limitations of California and New York as did the pleadings in the instant action. [140 F.Supp. 909.]

On July 3, 1953, the plaintiffs in both Gumbiner and the instant case moved for orders "directing that the issues concerning the defense of the Statute of Limitations, contained in defendant's answer" be tried separately by Court and jury. On the argument of the motions the defendant consented to a separate trial of the statute of limitations issues, but consented only to a trial by the Court without a jury. On June 25, 1954, orders were entered directing that the defenses of the statute of limitations contained in defendant's answers be tried separately to the Court without a jury and thereafter Gumbiner and the instant case were consolidated for the purpose of the trial of these issues.

A trial of said issues was conducted by my illustrious predecessor, Judge Galston, on July 12, 13, 14, 15 and 16, 1955.

On the trial the defendant submitted two printed briefs to Judge Galston; one captioned "Separate Brief of National Theatres Corporation In Support Of Its Motion For Judgment On The Pleadings Dismissing The Complaints As Barred As A Matter Of Law By The Statute Of Limitations Of California," and a second captioned "Brief Of National Theatres Corporation In Support Of Its Defenses That The Claims In Both Cases Are Barred By The Statutes of Limitations." In the former brief the defendant recognized that there was a question in this case as to whether the applicable New York statute of limitations was three years or six years, but did not see fit to take a position on the question. (Of course, the fact that the defendant pleaded both New York statutes in its answer charges it with an appreciation of the problem involved at that early date.) In the latter brief the defendant maintained what was consistently its position at the trial, i. e., that both the Gumbiner case and the instant case were barred by the California three-year statute of limitations regardless of whether the New York statute was three years or six years. However, in this brief the defendant did "concede that the cases seem to hold that the New York statute is six years," while claiming that "Recent decisions of the Supreme Court, however, cast considerable doubt on the correctness of that view." The citations of authority by the defendant indicate that by this stage of the action its counsel had studied the problem of whether a civil anti-trust action fell within the New York three-year or six-year statute of limitations.

At the trial defendant's counsel clearly stated his position as to the New York statute under which he believed himself to be operating:

"So that my whole position may be clear here in the development of the evidence, of course we will endeavor to show that National was doing business in both New York and California at the same time. In other words, if by any chance it could be held that the California statute was not applicable, the New York statute of six years would be applicable. In other words, they will have to show both that it was tolled in California and in New York." (Transcript of record, p. 46)

And in the "Brief of Defendant After Trial," defendant's counsel were concerned with a showing that the six-year New York statute of limitations barred the Gumbiner action and the instant action, regardless of whether the California statute had been tolled by reason of the defendant's absence from that State. Upon the termination of the trial the defendant submitted the following proposed conclusion of law:

"2. Plaintiffs and defendant concede for the purposes of these cases, and the Court concludes that the statute of limitations of New York, where these actions were instituted, is six years. Civil Practice Act of the State of New York, Section 48."

Judge Galston, finding that the actions were commenced prior to the effective date of the four-year federal statute of limitations, 15 U.S.C.A. § 15b, note, held that the applicable statute of limitations was to be determined by reference to the law of the state in which the action was pending. He held that the entire New York statute of limitations was to be applied, including the borrowing provisions relating to causes of action accruing in foreign jurisdictions contained in Section 13 of the New York Civil Practice Act. Judge Galston found that the applicable California statute of limitations was three years and that therefore the causes of action in the instant action were barred as of July 4, 1938, and in Gumbiner as of December 8, 1934, unless the California statute was tolled. On this issue Judge Galston found that the defendant was amenable to suit in Califor-

nia under the anti-trust laws during the period of limitations, and that as a result thereof both actions were barred.

Judge Galston's second conclusion of law is a verbatim adoption of the defendant's second proposed conclusion of law, to wit:

"2. Plaintiffs and defendant concede for the purposes of these cases, and the court concludes that the Statute of Limitations of New York, where these actions were instituted, is six years. Civil Practice Act of the State of New York, Section 48."

Judge Galston further found and concluded that the defendant could have been sued in New York in an anti-trust case continuously throughout the period involved, and that the Gumbiner claim was barred by the New York statute of limitations. He stated, inter alia:

" * * * If National could have been sued in New York in an anti-trust case for any period of six years prior to July 20, 1938, the [Gumbiner] action would also be barred by the New York Statute of Limitations, regardless of whether barred in California * * * " (Conclusion of Law Number 5; see Finding of Fact Number 50.)

The defendant has heretofore correctly characterized this as an unequivocal holding that the Gumbiner claim was barred in New York. (See Brief For The Respondent in Opposition to Petition For Writ of Certiorari in Gumbiner case.)

As a result of finding that the instant action was barred under the California three-year statute, and that the Gumbiner action was barred under both the California statute and the New York six-year statute, it was unnecessary for Judge Galston to determine the tolling effect, if any, of the Paramount action. On April 16, 1956, orders were entered dismissing the complaints in both actions.

The plaintiffs in both cases appealed to the Court of Appeals and the appeals were heard together on one record. (See Brief For the Respondent in Opposition to Petition For Writ of Certiorari in Gumbiner, footnote, p. 2.) In its brief in the Court of Appeals the defendant again made the point that the Gumbiner claim was barred by the California three-year statute of limitations if the defendant could have been sued in California under the anti-trust laws for any period of three years prior to the institution of the Paramount action, and that "That action likewise was barred by the New York statute of limitations if National could have been sued in New York for any period of six years prior to July 20, 1938." But as to the instant claim, which was not pending for six years prior to the commencement of the Paramount action, it was argued only that the bar of the California three-year statute applied. (Defendant-Appellee's Brief in the Court of Appeals, pp. 3–4.) The Court of Appeals in its initial decision rendered September 10, 1957, reversed the judgments in both cases upon the ground that it was erroneous to refer the statute of limitations issue to Judge Galston for trial without a jury.

The defendant thereupon petitioned for rehearing, urging as a principal point in its brief that the Gumbiner action was barred by the New York six-year statute of limitations. The defendant emphasized the fact, conceded by the plaintiff in its principal brief in the Court of Appeals, that "In the Gumbiner action, on the other hand, the applicability of the New York as well as the California limitations' period is at issue." (Petition for Rehearing in the Court of Appeals, pp. 13–15.) It had been the plaintiff's position that the instant cause "was brought well within the six-year period of limitation prescribed by the New York Statute, in view of the suspension of the running of the Statute of Limitations effected by the filing and pendency of the Paramount case," and that therefore, "The only issue in the Bertha case is, accordingly, whether the three-year California period of limitations had run or been tolled prior to the institution of the Paramount action on July 20, 1938. In the Gumbiner action, on the other hand, the applicability of the New York as well as the California limitations'

period is at issue." (Plaintiff-Appellant's Brief in the Court of Appeals, p. 5.) There can be no question but that this was the defendant's position as well at this stage of the proceeding.

On rehearing, the Court of Appeals on November 7, 1957 affirmed the judgment in the Gumbiner case, stating:

> "* * * A careful review of the evidence before Judge Galston on the question of whether the New York statute was tolled has convinced us that, if the facts had been heard by a jury, Judge Galston would have been required to set aside a plaintiff's verdict on this issue. Even though the jury might have disbelieved every one of the defendant's witnesses, the documentary evidence recited in Judge Galston's findings was overwhelming. * * *" 2 Cir., 248 F.2d 833, 841.

As to the instant cause the Court of Appeals stated, 248 F.2d 833, 840:

> "* * * The Bertha cause of action arose in 1935 which was within six years of the Paramount action. United States v. Paramount Pictures, D.C., 85 F.Supp. 881. Thus as to Bertha the six-year New York statute, Civil Practice Act, § 48(2), could not possibly have run and the crucial question was whether the three-year California statute had run, as we correctly stated in the opening paragraph of our original opinion. * * *"

But as to Gumbiner, on the other hand, the Court of Appeals stated, Ibid.:

> "* * * However, in the Gumbiner case there was another question, equally crucial, viz., whether the New York statute of limitations had run. For the Gumbiner cause of action accrued on December 8, 1931. Thus if the New York statute was not tolled by National's absence, the Gumbiner action was barred here in December, 1937. Section 13 of the New York Civil Practice Act is alternative in operation: if the statute has run either in California

or in New York the suit is barred here."

The Court of Appeals adhered to its initial decision reversing the judgment in the instant action for trial by jury on the limitations question. A petition for writ of certiorari to review said decision was denied on April 28, 1958. 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811.

On July 14, 1958, the defendant filed the instant motion for summary judgment dismissing the complaint herein on the sole ground that it is barred by the New York three-year statute of limitations as contained in Section 49, subd. 3 of the Civil Practice Act, set forth above.

 Upon a careful review of the proceedings heretofore had in this case, it is clear to the Court that it has been firmly established that Section 48, subd. 2 of the New York Civil Practice Act is the governing statute of limitations herein, that the pertinent period of limitations is six years, and that the defendant should be foreclosed by the application of the principle of the law of the case from now contending that the three-year New York statute of limitations applies. The following considerations support this conclusion:

1. The issue presented by the instant motion has been in this case from the time the defendant filed its answer. It was necessarily a part of the defense referred to Judge Galston for separate trial. Until this time the defendant has conceded that the relevant period of limitations is six years. Judge Galston may or may not have relied upon this concession in concluding that the six-year statute applied. It would be reasonable to infer that he did not. Cf., Hansen Packing Co. v. Swift & Co., D.C.E.D.N.Y. 1939, 27 F.Supp. 364. In any event, the defendant should be precluded from belatedly advancing a position contrary to its repeated concession which may have influenced the course of a trial involving more than 560 pages of reported testimony and 51 exhibits, the decision upon appeal and rehearing in the Court of Appeals, and the disposition of a petition

to the Supreme Court for a writ of certiorari.

2. Judge Galston specifically concluded that the six-year statute applied. There is no question but that the issue which the defendant now attempts to raise was properly presentable to him. It was a part of the pleadings and a part of the order of reference for trial. It may be generally stated that the ruling of one judge ordinarily becomes the law of the case in that Court, and that a judge should not ordinarily review or disturb the rulings of another judge of the same or a co-ordinate Court in the same case. In re Hines, 2 Cir., 1937, 88 F.2d 423; Commercial Union of America, Inc. v. Anglo-South American Bank, 2 Cir., 1925, 10 F.2d 937; Cuba R. Co. v. United States, D.C.S.D.N.Y.1955, 135 F. Supp. 847; North American Philips Co., Inc. v. Brownshield, D.C.S.D.N.Y.1955, 111 F.Supp. 762; Aachen & Munich Fire Ins. Co. v. Guaranty Trust Co. of New York, D.C.S.D.N.Y.1927, 24 F.2d 465, reversed on other grounds, 2 Cir., 1928, 27 F.2d 674; Farmers Loan & Trust Co. v. Miller, D.C.S.D.N.Y.1924, 298 F. 758, reversed on other grounds, Farmers Loan & Trust Co. v. Hicks, 2 Cir., 1925, 9 F.2d 848. In Hines, a case in which a second Judge decided a point which was already pending undecided in a separate proceeding in the same case, the Court of Appeals stated [88 F.2d 425]:

> " * ' * * It is well established that a judge may not overrule the decision of another judge of co-ordinate jurisdiction made in the same case. The law enunciated by the first judge is not merely his individual opinion; it is the law of the District Court, to be followed, upon similar facts, until a different rule is laid down by a court of superior jurisdiction * * * Such a rule is essential to an orderly and seemly administration of justice in a court composed of several judges. * * *" 88 F.2d 423, 425.

In Commercial Union, the Court of Appeals reversed the judgment from which the appeal was taken, on the sole ground that it was the result of one judge overruling the decision of another judge of co-ordinate jurisdiction. To the extent that Commercial Union "must be read as meaning that the question is not one of discretion, and that on no occasion may the second judge reconsider a ruling of the first judge," it has been overruled by Dictograph Products Co., Inc. v. Sonotone Corporation, 2 Cir., 1956, 230 F.2d 131, 136. And, to be sure, the law of the case does not extend to the reasons given by an earlier judge for actions taken by him, nor bind a later judge to follow such reasoning in the subsequent disposition of the case. Potts v. Village of Haverstraw, 2 Cir., 1937, 93 F.2d 506; Munro v. Post, 2 Cir., 1939, 102 F.2d 686. We are dealing here not merely with an element of reasoning employed by Judge Galston in reaching an eventual judgment, but rather with the actual disposition of what now proves to be a vital issue properly before Judge Galston for determination.

In the view I take of this matter it is of no moment that such disposition may have been grounded upon a concession by the defendant. Had the defendant's present contention been argued with the same vigor before Judge Galston and before the Court of Appeals, it cannot be said whether it would or would not have been sustained. In any event there would have been a definitive disposition of the question of law which the defendant now attempts to raise, and both counsel and the Court would have been spared the rigors of the instant motion. The defendant should not now be permitted to ground a motion for summary judgment upon a contention which might have been presented, and which is contrary to its concession upon the trial and the appeal. See Sorensen v. Pyrate Corporation, 9 Cir., 1933, 65 F.2d 982.

The defendant may not say that it was "abundantly clear * * * that National was amenable to suit in California and thus it mattered little at the trial whether the applicable New York statute was six years or three years." (Affidavit of Charles J. Young, Esq., July 14, 1958, p. 5.) This statement belies the conclu-

sion of the Court of Appeals that it was clear as a matter of law only that the defendant was amenable to suit in New York. It was thus of controlling importance upon the trial and appeal whether the three-year or six-year statute applied. In the light of the eventual disposition of Gumbiner, a conclusion that the three-year New York statute applied in the instant case would have been completely dispositive hereof.

The attorneys for the defendant have been vigilant to seize upon and to exploit thoroughly the points of law which have been favorable to them throughout the course of this action. It stretches credulity to think that they would have voluntarily and eagerly placed all their eggs in one basket in conceding that the New York six-year statute applied. This they would now have the Court believe. The contention is negated by two principal points: (a) The defendant argued in its Brief After Trial before Judge Galston that the instant action was barred even under the New York six-year statute; (b) The defendant's attack in Gumbiner was persistently aimed at showing that that cause was barred under both the California and New York statutes. It is pointless to think that the defendant would have maintained such a position in Gumbiner, and at the same time would have relied solely on the bar of the California statute in this action. As stated by the defendant in its brief in opposition to the petition for writ of certiorari in Gumbiner:

> "All of the stock of the petitioner here and the respondent Bertha Building Corporation in No. 761 was owned by one H. L. Gumbiner. The complaints in the two actions were filed on the same day and the actions were consolidated for the trial of defendant's statute of limitations defense. The respondent here is the petitioner in No. 761 and it was the only defendant in each case, the statute of limitations being an admitted bar as to all the alleged co-conspirators. The issues tried below were whether National Theatres

Corporation could have been sued in California for three years or in New York for six years after the causes of action accrued. The District Court dismissed both complaints as barred by the three-year California statute. It also held that the complaint of the petitioner Gumbiner Theatrical Enterprises was barred by the six-year New York statute and should be dismissed for that reason as well. Plaintiffs in both cases appealed to the court below and the appeals were heard together on one record. * * *" (Footnote, pp. 1–2.)

Such being the relationship between the two cases the positions taken and the determination reached in Gumbiner may properly be examined in evaluating the situation in the case at bar.

3. The ultimate disposition on rehearing by the Court of Appeals in the instant case and in Gumbiner may only be rationalized with a holding by that Court that the six-year New York statute of limitations applies herein. That being so, such a holding must be regarded as an adjudication of that issue for the purposes of this case. The "law of the case" when used to express the duty of a lower court to follow what has been decided by a higher court at an earlier stage of a case, applies to everything decided, either expressly or by necessary implication. Munro v. Post, supra.

4. The current motion for summary judgment appears to have been inspired by the decision of Judge Levet in Banana Distributors, Inc., v. United Fruit Co., D.C.S.D.N.Y.1957, 158 F.Supp. 160, applying the three-year New York statute of limitations in a case such as that at bar. This decision is in square conflict with the previous decision rendered in the same Court by Judge Ryan in Leonia Amusement Corp. v. Loew's Inc., D.C. S.D.N.Y.1953, 117 F.Supp. 747, and is not regarded as a sufficient basis for the exercise of whatever discretion this Court might have to decline to follow what is believed to be the law of the case herein. While Judge Levet distinguished the ini-

tial decision by the Court of Appeals in the instant case in arriving at his conclusion that Section 49, subd. 3 of the New York Civil Practice Act governs this type of case, it is not clear that Judge Levet had the decision of the Court of Appeals on rehearing before him (Banana Distributors was decided thirty-five days after the decision on rehearing in Bertha, but Judge Levet does not discuss the portions of the decision relied on herein), nor is it clear that Judge Levet would have pursued the same course if faced with the facts of the instant case.

The defendant's motion for summary judgment will be denied. Of course, nothing contained herein is to be construed as a determination *de novo* that the six-year statute of limitations is to be applied in cases of this nature, nor that I would apply the three-year statute of limitations if free to do so. Having determined that the law of the case is to be applied herein, I feel constrained to apply it, in this instance, without inquiry into the merits of the motion.

Settle order on notice.