THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. THOMAS M. MILO, Respondent.—

No opinion. Christ, P. J., Hopkins, Latham and Brennan, JJ., concur; Munder, J., dissents and votes to reverse the order, reinstate the indictment and order a new trial, with the following memorandum: Defendant was charged in a short form indictment with having committed the crime of coercion in violation of section 530 of the former Penal Law. He made a pretrial motion for a bill of particulars seeking, *inter alia*, (a) the name or names of the person or persons it was claimed he had threatened or coerced, (b) the words or actions of his that it was claimed constituted the crime and (c) the date and time when and the place where the crime was allegedly committed. He also requested particulars with respect to other items which need not be set forth since it is the consensus of this court that he was not entitled to them. The District Attorney agreed to furnish the particulars requested in (a) and (c), except as to the time of the commission of the alleged crime, and otherwise opposed the motion. The County Court, Westchester County,

granted the motion as to items (a) and (c), other than the time of the com-
mission of the alleged crime, and denied it as to all other particulars. This
was implemented by an order dated September 5, 1967. The bill of particulars
as so limited by the court was filed and served by the District Attorney on
or about September 28, 1967. On April 30, 1969, the case came on for trial
in the Supreme Court, Westchester County. After the jury was sworn and
both sides made opening statements, the People's first witness testified to some
factual background with respect to his business. At that point defense counsel
interrupted the examination and moved to dismiss the indictment for insuffi-
ciency. The trial court granted the motion on the ground that the short-form
indictment, even when read in conjunction with the bill of particulars, failed
to state facts sufficient to spell out the crime of coercion. Prior to the dis-
missal, the Assistant District Attorney requested permission to file a further
bill of particulars supplementing the existing one. Defendant objected and
the Trial Justice disregarded the prosecutor's request, stating that his ruling
rendered the question academic. It is from the order of dismissal that the
People appeal. In my opinion, the trial court erred in denying the People's
request for permission to file a further bill of particulars and in dismissing
the indictment. I agree that the bill of particulars was insufficient because
it did not adequately apprise defendant of the manner in which the alleged
coercion had been committed. I think that item (b) of defendant's demand
was proper to the extent that it sought such information. However, in view
of the prior ruling that the People need furnish only the particulars requested
in items (a) and (c), the insufficiency of the bill for failing to furnish the
details with respect to item (b) was a matter for review by an appellate court
on an appeal from a judgment of conviction if that resulted. The Trial
Justice, in dismissing the indictment for the reason given, in effect, overruled
the prior decision of a Judge of co-ordinate jurisdiction and acted in an
appellate capacity. It is basic that a prior decision establishes the law of the
case to be adhered to by Judges of co-ordinate jurisdiction. The rationale
of the rule is to avoid protracted litigation, promote harmony and foster
the exercise of comity and courtesy (*Matter of Hines*, 88 F. 2d 423, 425;
*People ex rel. Manceri* v. *Doherty*, 192 N. Y. S. 2d 140; *George W. Collins,
Inc.* v. *Olsker-McLain Ind.*, 22 A D 2d 485; *Field* v. *Public Administrator
of County of N. Y.*, 10 A D 2d 97; *Mutual Life Ins. Co. of N. Y.* v. *160
East 72nd St. Corp.*, 272 App. Div. 48; cf. *People* v. *Lenti*, 46 Misc 2d 682,
685). In *Collins* (*supra*), the Fourth Department held that the decision of
Special Term established the law of the case whether or not a formal order
was entered (citing *Bannon* v. *Bannon*, 270 N. Y. 484, 489–493, and *Walker*
v. *Gerli*, 257 App. Div. 249). The court further stated (*supra*, p. 489) that
the " decision was therefore binding upon all courts of coordinate jurisdiction
and they may not arrogate to themselves powers of appellate review ". At
bar since the People could have amended the indictment or bill of particulars
at the trial (Code Crim. Pro., § 295-j), their request should have been
granted in the interests of justice. The refusal to do so, in view of the prior
ruling on the bill of particulars, in my opinion, constituted an abuse of
discretion. In conclusion, I note that by timing his motion to dismiss as he
did, defense counsel laid the basis for a claim of double jeopardy in case
this court would reinstate the indictment. He waited until the jury was
impanelled and a witness was called. However, it is clear the dismissal
was *not* based on the evidence, or insufficiency thereof, because in fact no
real evidence had been introduced. The dismissal was granted, *at the request
of defendant*, because as a matter of law the indictment could not support

any judgment of conviction. Under these circumstances, I do not believe a claim of double jeopardy has merit. At the time the Code of Criminal Procedure was amended to permit the People to appeal in a situation as at bar (Code Crim. Pro., § 518, subd. 3), the Judicial Council noted that it "believed that this change would be constitutional, although a question of double jeopardy exists" (see Eighth Annual Report of N. Y. Judicial Council, 1942, p. 63; see, also, Fifth Annual Report, 1939, p. 41). The question of double jeopardy has not been answered by our Court of Appeals and is therefore still open (see *Matter of Kraemer* v. *County Court of Suffolk County*, 6 N Y 2d 363, 369). I agree with the Judicial Council that subdivision 3 of section 518 is constitutional (see, generally, 1 Wharton's, Criminal Law, §§ 395, 397). Accordingly, I conclude that (1) the order should be reversed, (2) the People directed to file and serve a further bill of particulars and (3) a new trial ordered.